

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00294-CR

**SARAH BENFORD,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

_____

### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 09-03906-CRF-361

_____

## MEMORANDUM  OPINION

_____

A jury convicted Appellant Sarah Benford of the third-degree felony offense of assault of a public servant.  The trial court assessed her punishment at six years' imprisonment and stated that it would reserve the right for 180 days to grant shock probation.  Benford appeals in four issues.  We will affirm.

### SUFFICIENCY OF THE EVIDENCE

We begin with Benford's third issue in which she contends that the evidence was insufficient to support her conviction.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326, 99 S.Ct. at 2793. Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

A person commits an assault if that person intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011). An assault is a third-degree felony if it is committed against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty. *Id.* § 22.01(b)(1). Thus, to convict Benford of assault of a public servant, the State had to prove that she (1) intentionally, knowingly, or recklessly; (2) caused bodily injury; (3) to a person she knew was a public servant; (4) while the public servant was lawfully discharging an official duty. *See id.* § 22.01.

Bryan Code Enforcement Officer Dawn Kaatz testified that she received a complaint about trash and debris in the backyard of a residence. When she and Bryan Police Department Neighborhood Enforcement Officer Bill Cross arrived at the property, they encountered a dog that was running loose and nipping at their heels. Kaatz called dispatch, and dispatch radioed to them that Animal Control had been there earlier because of a complaint about a dog trying to bite some children. The dog then ran into the backyard of the residence.

At that time, Benford came out of the residence cursing at them and asking them why they were there. Benford said that she did not have a dog but that they could go in the backyard to see if the dog was back there. Kaatz, Officer Cross, and Animal Control, who had come back to the scene, then went into the backyard and were trying to catch the dog. Benford continued to curse at them during this time. A couple of neighbors and their children then came up to the back of the property and said that the dog had been trying to bite their children. The neighbor then confronted Benford about

the language she was using in front of the children, and Officer Cross also told Benford to "stop with the profanity in front of the children" and warned her that if she did not get herself under control, she would be arrested. Benford nevertheless remained belligerent; therefore, Officer Cross told Benford that he was going to arrest her. Benford then turned around and ran into the house.

Officer Cross testified that Benford was cussing at them when one of the neighbors told her to "[p]lease quit." Officer Cross stated that he also told Benford, "Ms. Benford, you need to quit cussing. Please quit cussing." When Benford refused, Officer Cross told Benford that she was under arrest. Benford then said, "You ain't going to catch me mother-fucker, fuck this," and ran in the back door of the residence. Officer Cross went after Benford, and just as he got in the door, he caught her. They both went down to the ground as Officer Cross tried to put handcuffs on her. On the way down, Benford was swinging at him with her fists and hands and then she threw bleach on him. When asked whether his ending up with bleach on him was an accident, Officer Cross replied, "No, sir." He stated, "She threw the bleach on me." Officer Cross stated that the bleach burned his skin. He was wearing his short sleeve police uniform, but it was not damaged; only the top of his boots turned a white or off-white color.

By throwing the bleach on Officer Cross, Benford was able to get away from him, but Officer Cross got up and went after her. As he was coming toward her, she was in a defensive posture, so Officer Cross tased her. Officer Cross then put Benford in handcuffs, arresting her for disorderly conduct by language.

On cross-examination, defense counsel confronted Officer Cross with the seemingly inconsistent testimony he gave at a previous hearing on a motion to increase Benford's bond. Officer Cross reaffirmed, however, that regardless of his prior testimony, he was sure that Benford threw the bleach on him and it had not gotten on him by accident.

Benford argues that Officer Cross's testimony "was so vague and contradictory that no rational trier of fact could have ever convicted Appellant on it," but the jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the witnesses' testimony. *Jaggers v. State*, 125 S.W.3d 661, 672 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). As the reviewing court, we "should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony." *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002). Here, by finding Benford guilty, the jury obviously believed Officer Cross's testimony. Viewing all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Benford committed the offense of assault of a public servant beyond a reasonable doubt. We overrule Benford's third issue.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In her first issue, Benford contends that her trial counsel rendered ineffective assistance because counsel failed to investigate and advise her of the availability of an insanity defense.

To prevail on an ineffective assistance of counsel claim, the appellant must prove by a preponderance of the evidence that (1) counsel's performance was deficient, and

(2) the defense was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). The appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if Benford overcomes the strong presumption that her counsel's conduct fell within the range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). To overcome the presumption of reasonably professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. When the record is silent regarding the reasons for counsel's conduct, a finding that counsel was ineffective would require impermissible speculation by the appellate court. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Therefore, absent specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient information to evaluate an ineffective assistance claim. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To warrant reversal without affording counsel an opportunity to explain his actions, "the challenged conduct must be 'so outrageous that

no competent attorney would have engaged in it.'" *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007).

Contrary to the cases on which Benford relies, the record here is silent as to defense counsel's reasons for not pursuing an insanity defense. To conclude then that trial counsel was ineffective based on the asserted grounds would call for speculation, which we will not do. *See Jackson*, 877 S.W.2d at 771; *Gamble*, 916 S.W.2d at 93. We thus conclude that Benford has not overcome the presumption that counsel's decisions were reasonably professional and motivated by sound trial strategy. *See Salinas*, 163 S.W.3d at 740; *Gamble*, 916 S.W.2d at 93. We overrule Benford's first issue.

## COMMITMENT QUESTION DURING VOIR DIRE

In her second issue, Benford contends that the trial court erred in allowing the State to ask an improper commitment question of the venire during voir dire. The State asked the venire whether they could convict based solely upon the testimony of one lone witness if the witness satisfied each and every element of the indictment and they believed the witness beyond a reasonable doubt or whether they would require additional evidence. The Court of Criminal Appeals has held that this line of questioning is proper because it could lead to answers giving rise to a valid challenge for cause. *Lee v. State*, 206 S.W.3d 620, 623-24 (Tex. Crim. App. 2006). We thus overrule Benford's second issue.

## DENIAL OF MOTION TO QUASH INDICTMENT

In her fourth issue, Benford contends that the trial court erred in denying her motion to quash the indictment. Benford contended in her motion to quash, "The

indictment is defective in that it does not allege with reasonable certainty the act or acts which show the Defendant recklessly caused bodily injury to W. Cross." On appeal, Benford argues that "[t]he indictment was fundamentally flawed as it did not give proper notice to Appellant of exactly what manner she was alleged to be reckless or negligent."

The sufficiency of an indictment is a question of law that should be reviewed *de novo*. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). Benford was charged and convicted under section 22.01 of the Penal Code, which provides that a person commits an assault if that person intentionally, knowingly, or recklessly causes bodily injury to another and that the assault is a third-degree felony if it is committed against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty. TEX. PENAL CODE ANN. § 22.01(a)(1), 22.01(b)(1). The indictment alleged Benford did

> then and there intentionally, knowingly, or recklessly cause bodily injury to W. Cross by throwing bleach on him, and the defendant did then and there know that the said W. Cross was then and there a public servant, to-wit: a law enforcement officer with the City of Bryan Police Department, and that the said W. Cross was then and there lawfully discharging an official duty, to-wit: by attempting to detain the defendant.

The charging instrument here, like that in *Crawford v. State*, 646 S.W.2d 936 (Tex. Crim. App. 1983), alleges not only recklessness, but intentional and knowing conduct. *Id.* at 937. Thus, as in *Crawford*, the indictment is sufficient, and we need not determine the requirements of the indictment as if recklessly had been the only alleged culpable mental state because the indictment on its face alleges two culpable mental states,

intentionally and knowingly, which are not subject to the complaint concerning the culpable mental state, recklessly, made in Benford's motion to quash. *Id.*; *see also Bartlett v. State*, 249 S.W.3d 658, 671-73 (Tex. App.—Austin 2008, pet. ref'd).

Furthermore, even if recklessly had been the only alleged culpable mental state, we would conclude that the indictment sufficiently alleged the acts relied upon by the State to prove reckless conduct. Here, the indictment did not merely allege Benford caused bodily injury to Officer Cross; rather, it specified her reckless act of throwing bleach on him. *See State v. Emanuel*, 873 S.W.2d 108, 109 (Tex. App.—Dallas 1994, no pet.) (concluding indictment alleging violation of section 22.01(a)(1) was sufficient because it "did not merely track the statutory language and allege that [defendant] recklessly caused bodily injury, as prohibited by article 21.15" but, rather, "specified [defendant's] reckless act as hitting the complainant with a belt"). We overrule Benford's fourth issue.

## CONCLUSION

Having overruled all of Benford's issues, we affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed April 18, 2012
Do not publish
[CR25]