OPINION

Nos. 04-03-00628-CR, 04-03-00629-CR, 04-03-00630-CR,
04-03-00631-CR, 04-03-00632-CR

The STATE of Texas,
Appellant

v.

Frank FORD,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court Nos. B03-63, B03-64, B03-65, B03-66, B03-67
Honorable John DeLaney, Judge Presiding



 
Opinion by:    Phylis J. Speedlin, Justice
 
Sitting:            Alma L. López, Chief Justice
Karen Angelini, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   August 24, 2005

AFFIRMED
            The State of Texas appeals from the trial court’s order dismissing five indictments against 
Frank Ford for misuse of official information under §39.06(c) of the Texas Penal Code. Tex. Pen.
Code Ann. §39.06(c) (Vernon 2003). We affirm the trial court’s judgment.
Factual and Procedural Background
            This appeal arises out of the actions of attorneys Frank Ford and Tom Newton in representing
their client, Harold Shields, in his federal civil rights and malicious prosecution suit. In March 2000,
a Kerr County grand jury indicted Harold Shields for aggravated sexual assault based on evidence
presented by an assistant district attorney, Donnie Jeanne Coleman, and an investigator, Carol Twiss. 
The presentation to the grand jury was not recorded or transcribed. The victim later recanted, and
the State dismissed the indictment. Shields then filed a federal lawsuit against the county, the
prosecutor and the investigator, alleging their failure to present exculpatory evidence to the grand
jury violated his civil rights and constituted malicious prosecution.


 In August 2001, Coleman and
Twiss gave depositions in the federal suit in which they discussed their recollection of the evidence
that was presented to the grand jury. Coleman testified that the grand jury had been presented with
all of the evidence, the “good and the bad,” and, specifically, had been presented with information
about Shields that did not match the victim’s description.


 Twiss testified similarly, but in less
detail.
            In October 2001, Shields’ attorneys, Ford and Newton, or their representatives, purportedly
contacted several of the grand jurors who had returned the indictment against Shields seeking
disclosure of the information that was presented to the grand jury. Ford and Newton also
subpoenaed several of the grand jurors in an attempt to take their videotaped depositions for the
federal lawsuit. Coleman and Twiss moved to quash the subpoenas and requested a protective order
preventing Shields and his attorneys from any further contact with the grand jurors. The federal
district judge quashed the subpoenas and granted the protective order. Only then did Ford and
Newton petition the state district court under article 20.02(d) of the Texas Code of Criminal
Procedure to order disclosure of the information presented to the grand jury. See Tex. Code Crim.
Proc. Ann. art. 20.02(d) (Vernon 2005). The trial court denied the request, and this court affirmed. 
See In re Grand Jury Proceedings, 129 S.W.3d 140, 144 (Tex. App. — San Antonio 2003, pet.
denied) (holding prosecutors have no duty to present exculpatory evidence to a grand jury, and thus
Shields could not show a particularized need to take the grand jurors’ depositions under article
20.02(d) of Texas Code of Criminal Procedure).
            On February 26, 2003, Ford and Newton were indicted for “knowingly and with the intent
to obtain a benefit, solicit[ing] or receiv[ing] from a public servant, to wit: grand juror [name],
information that said public servant had access to by means of his/her office, and that said
information had not been made public.” See Tex. Pen. Code Ann. §39.06(c). Each attorney was
separately indicted for allegedly contacting five different grand jurors. Ford and Newton filed a joint
motion to quash the indictments alleging six grounds. After a hearing, the trial court dismissed the
indictments based on three of the six grounds alleged in the motion: failure to allege an offense as
a matter of law because grand jury information does not meet the definition of “information that has
not been made public” under §39.06(d); inadequate notice of the type of “information” solicited or
received; and inadequate notice of the “benefit” to be obtained from the information. See Tex. Pen.
Code Ann. §39.06(d) (Vernon 2003). The trial court also held that subsections (c) and (d) of §39.06
are unconstitutionally void for vagueness. The State perfected its appeal.


 The five appeals relating
to Ford were consolidated with each other, and the five appeals relating to Newton were similarly
consolidated.



Analysis
            On appeal, the State asserts: (1) the indictments tracked the statute and thus sufficiently
alleged an offense under §39.06(c); (2) the indictments adequately notified the defendants of the
nature of the charges against them; and (3) subsections (c) and (d) of §39.06 are not
unconstitutionally void for vagueness.


 See Tex. Pen. Code Ann. §§39.06(c),(d). In their joint
brief, Ford and Newton respond that: (1) the trial court did not abuse its discretion in quashing the
indictments upon any of the six grounds alleged in their motion; (2) by not objecting during the
hearing, the State waived any right to complain that they did not brief the constitutionality of the
statute in their motion; and (3) the statute is unconstitutionally vague, and the indictments were
properly quashed on that basis as well. This court may affirm the trial court’s dismissal of the
indictments under any correct theory of law applicable to the case. Romero v. State, 800 S.W.2d
539, 543 (Tex. Crim. App. 1990) (if trial court’s decision is correct on any theory of law applicable
to the case, it will be sustained even when the judge gives the wrong reason for his decision); see
also McNair v. State, 75 S.W.3d 69, 71 (Tex. App. — San Antonio 2002, no pet.). Because we
affirm the trial court’s judgment on the basis that the indictments failed to allege an offense as a
matter of law, we address only that issue on appeal.
            Motion to Quash Indictment
            We begin our analysis by looking at the proper way to analyze the sufficiency of an
indictment. To be sufficient, the face of an indictment must charge all the elements of an offense
in plain and intelligible words so that a person of common understanding would know what is meant. 
Tex. Code Crim. Proc. Ann. arts. 21.02(7), 21.03, 21.11 (Vernon 1989); State v. Mays, 967 S.W.2d
404, 406 (Tex. Crim. App. 1998). The indictment must allege the offense with that degree of
certainty that will give the defendant adequate notice of the offense so he may prepare a defense and
may plead the judgment in bar of any future prosecution for the same offense. Tex. Code Crim.
Proc. Ann. arts. 21.04, 21.11 (Vernon 1989); Mays, 967 S.W.2d at 406. Generally, an indictment
which tracks the language of a criminal statute is sufficient to allege an offense and to provide a
defendant with notice of the charged offense. State v. Edmond, 933 S.W.2d 120, 127-28 (Tex. Crim.
App. 1996); see also DeVaughn v. State, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988).
            Upon the filing of a timely motion to quash, the indictment must be analyzed to determine
whether it states on its face the facts necessary to allege that an offense was committed, to bar a
subsequent prosecution for the same offense, and to give the accused notice of the precise offense
with which he is charged. DeVaughn, 749 S.W.2d at 67. The indictment must state facts which, if
proved, show a violation of the law; the indictment must be dismissed if such facts would not
constitute a criminal offense. Posey v. State, 545 S.W.2d 162, 163 (Tex. Crim. App. 1977); State
v. Williams, 780 S.W.2d 891, 894 (Tex. App. — San Antonio 1989, no pet.). Whether an indictment
alleges an offense is a question of law subject to de novo review. State v. Moff, 154 S.W.3d 599, 601
(Tex. Crim. App. 2004); Johnson v. State, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997) (purely
legal questions are reviewed de novo); State v. Hoffman, 999 S.W.2d 573, 574 (Tex. App. — Austin
1999, no pet.) (failure of indictment to allege an offense is a question of law).
            Failure to Allege an Offense as a Matter of Law
            The statute under which Ford and Newton were indicted is entitled “Misuse of Official
Information,” and provides as follows in relevant part: 
(c) A person commits an offense if, with intent to obtain a benefit or with intent to harm or
defraud another, he solicits or receives from a public servant information that:
 
(1) the public servant has access to by means of his office or employment; and
(2) has not been made public.
 
(d) In this section, “information that has not been made public” means any information to
which the public does not generally have access, and that is prohibited from disclosure under
Chapter 552, Government Code.

Tex. Pen. Code Ann. §§39.06(c),(d). The offense is a third degree felony. Tex. Pen. Code Ann.
§39.06(e) (Vernon 2003).
            The trial court quashed the indictments in part because they failed to allege an offense as a
matter of law, finding that information presented to the grand jury was not information “prohibited
from disclosure under Chapter 552” of the Texas Government Code, as required by the definition
of the offense in §39.06(d). See Tex. Pen. Code Ann. §39.06(d). Chapter 552 of the Government
Code is commonly known as the Open Records Act.


 See Tex. Gov’t Code Ann. §§552.001-.353
(Vernon 2004). The State argues on appeal that the indictments tracked the statutory language and
the statute is completely descriptive of the offense; therefore, the indictments sufficiently alleged an
offense under §39.06(c) of the Penal Code. See Mays, 967 S.W.2d at 406.
            The criminal offense created by §39.06(c) is further described by §39.06(d)’s definition of
“information that has not been made public.” Tex. Pen. Code Ann. §§39.06(c),(d). The definition
contains two components stated in the conjunctive: information to which the public does not
generally have access; and that is prohibited from disclosure under the Open Records Act. Tex. Pen.
Code Ann. §39.06(d). With respect to the first component of the definition, it is well established
that grand jury proceedings are secret, and that information presented to the grand jury is not
generally available to the public. See Tex. Code Crim. Proc. Ann. arts. 19.34, 20.02(a) (Vernon
2005); see also Ex parte Martin, 6 S.W.3d 524, 528 n.15 (Tex. Crim. App. 1999) (citing Stern v.
State, 869 S.W.2d 614, 621-22 (Tex. App. — Houston [14th Dist.] 1994), writ denied, and its
discussion of the historical role of the grand jury and the statutory scheme making grand jury
proceedings subject to strict secrecy). In recognition of the secrecy of grand jury proceedings, the
legislature has provided a specific procedure for obtaining access to grand jury information based
on a showing of particularized need. Tex. Code Crim. Proc. Ann. art. 20.02(d). The parties do not
dispute, and we concur, that information presented to a grand jury clearly constitutes “information
to which the public does not generally have access,” and thus meets the first part of §39.06(d)’s
definition of non-public information.
            With respect to the second component of §39.06(d)’s definition, that the subject information
be “prohibited from disclosure under Chapter 552,” we look to the Open Records Act to determine
whether it “prohibits disclosure” of grand jury information. We begin by examining the Act to
determine what is “prohibited” from disclosure. The Open Records Act is broadly structured as
follows: Subchapter A, which contains general provisions including definitions of terms used in the
Act; Subchapter B, which establishes the public’s right of access to public information; Subchapter
C, which provides numerous exceptions to required disclosure; Subchapters D through F, which
establish the procedures for the Act’s administration and the disclosure of public information;
Subchapter G, which provides for Attorney General decisions on whether information is subject to
disclosure; and Subchapters H and I, which provide methods for civil enforcement and penalties for
criminal violations. See Tex. Gov’t Code Ann. §§552.001-.353.
            While §39.06(d) of the Penal Code uses the phrase “prohibited from disclosure under
Chapter 552,” nowhere in the Open Records Act does it prohibit the disclosure of any information;
rather, it provides a set of exceptions to required disclosure for certain categories of public
information. Tex. Gov’t Code Ann. §552.101–.142 (Vernon 2004); City of Garland v. Dallas
Morning News, 22 S.W.3d 351, 356 (Tex. 2000). It is readily apparent that the terminology used in
the penal statute does not match the terminology of the Open Records Act. We are, however,
required to construe the two statutes so that they work together in order to bring about the
legislature’s intent. See Boykin v. State, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991) (courts
interpret a statute according to the literal meaning of the words used, unless doing so leads to an
absurd result that the legislature could not have intended, in which case, courts may consider extra-textual factors to arrive at a sensible interpretation); see also LaSara Grain Co. v. First Nat’l Bank
of Mercedes, 673 S.W.2d 558, 565 (Tex. 1984) (if possible, court is required to construe statutes in
harmony with each other). Therefore, in order to give meaning to the penal statute, we will construe
the phrase “prohibited from disclosure” in §39.06(d) to mean the set of exceptions to disclosure
listed in Subchapter C of the Act. See Tex. Gov. Code Ann. §552.101–.142.
            For purposes of our analysis, we must next determine whether the Open Records Act
“prohibits disclosure” of grand jury information. The purpose of the Open Records Act is to provide
public access to “complete information about the affairs of government and the official acts of public
officials and employees.” Tex. Gov’t Code Ann. §552.001(a) (Vernon 2004); City of Garland, 22
S.W.3d at 355-56. The Act defines “public information” as any information that is “collected,
assembled, or maintained under a law or ordinance or in connection with the transaction of official
business: (1) by a governmental body; or (2) for a governmental body ... .” Tex. Gov’t Code Ann.
§552.002(a) (Vernon 2004). Under the Act, public information is required to be made available to
the public during normal business hours of the governmental body. Tex. Gov’t Code Ann.
§552.021 (Vernon 2004). Grand juries, however, are not designated as a “governmental body.” See
Tex. Gov’t Code Ann. §552.003(1)(A) (Vernon 2004). In addition, the judiciary is expressly
excluded from the definition of a “governmental body;” therefore, judicial information is not “public
information” subject to the Open Records Act. See Tex. Gov’t Code Ann. §552.003(1)(B) (Vernon
2004); Holmes v. Morales, 924 S.W.2d 920, 922 (Tex. 1996).
            Ford and Newton argue, and the trial court agreed, that because grand juries are considered
part of the judiciary, information presented to a grand jury is exempt from the Open Records Act and
its disclosure is neither permitted nor “prohibited” under the Act; therefore, the solicited information
does not meet the second prong of the definition of non-public information and the indictments
failed to allege an offense under §39.06(c) of the Penal Code. In determining whether a particular
entity is an extension of the judiciary for purposes of the Open Records Act, our focus is on the
nature and functions of the entity. Benavides v. Lee, 665 S.W.2d 151, 151-52 (Tex. App. — San
Antonio 1983, no writ). The grand jury has historically been characterized as an extension of the
judiciary, “‘an arm of the court by which it is appointed’... rather than ... an autonomous entity.” Ex
parte Edone, 740 S.W.2d 446, 448 (Tex. Crim. App. 1987) (quoting W. LaFave & J. Israel,
Criminal Procedure §8.4 (1984)); see also Holmes, 924 S.W.2d at 923 (characterizing “judicial
power” as the power to hear and decide issues of fact, to decide questions of law, to render judgment
on the facts in accordance with the law, and to execute judgment). We note that the Texas Attorney
General has also opined that the Open Records Act does not apply to information within the actual
or constructive possession of a grand jury because the grand jury is an extension of the judiciary for
purposes of the Open Records Act. Op. Tex. Att’y Gen. Ord.–513 (1988) (further stating,
“[i]nformation held by a grand jury ... is not itself subject to the Open Records Act”).


 We agree that
based on its nature and functions the grand jury is an extension of the judiciary. See Harrison v.
Vance, 34 S.W.3d 660, 663 (Tex. App. — Dallas 2000, no pet.); Dallas County Dist. Attorney v.
Doe, 969 S.W.2d 537, 542 (Tex. App. — Dallas 1998, no pet.); Euresti v. Valdez, 769 S.W.2d 575,
577-78 (Tex. App. — Corpus Christi 1989, no writ).
            Although the State concedes that the grand jury is an extension of the judiciary, it argues that
because the Open Records Act refers to the judiciary and recognizes an alternative means of access
to judicial information, it therefore “prohibits” disclosure of judicial information. See Tex. Gov’t
Code Ann. §§552.003(1)(B), 552.0035 (Vernon 2004).


 The State also argues that because the Act
contains a general exception to disclosure for all information made confidential by other laws, it
“prohibits” disclosure of grand jury information which is secret by nature. See Tex. Gov’t Code
Ann. §552.101 (Vernon 2004). The State’s arguments are fatally flawed because the Open Records
Act clearly and unequivocally excludes judicial information from its scope. See Tex. Gov’t Code
Ann. §552.003(1)(B). In fact, the judiciary is the only branch of government that is expressly
excluded from the definition of a “governmental body;” thus its information falls outside the
definition of “public information” under the Act. See id.; Tex. Gov’t Code Ann. §552.002(a). The
State’s argument further fails to recognize that the first inquiry in determining whether particular
information is even subject to the Act is to determine whether the information meets the Act’s
definition of “public information.” See City of Garland, 22 S.W.3d at 359. Only after information
is determined to be “public information” subject to the Act’s provisions does it become relevant
whether such public information falls within an exception to disclosure provided by the Act. See
id.; see also City of Garland v. Dallas Morning News, 969 S.W.2d 548, 554 (Tex. App. — Dallas
1998), aff’d, 22 S.W.3d 351 (Tex. 2000) (noting that “[w]hether the information is excepted from
disclosure is irrelevant to the initial question of whether the information is public and, therefore,
governed by the Act”). Our analysis need not extend beyond the initial inquiry because the Act
expressly provides that judicial information is not “public information” subject to the Act. Tex.
Gov’t Code Ann. §§552.003(1)(B), 552.002(a); see City of Garland, 22 S.W.3d at 357 (whether
information is public information subject to the Open Records Act is a question of law).
            Conclusion
            We conclude that because the grand jury is an extension of the judiciary, and judicial
information is not “public information” within the meaning of the Open Records Act, grand jury
information is not subject to the Open Records Act. See City of Garland, 22 S.W.3d at 359. 
Because the Open Records Act is simply not applicable to information presented to a grand jury, the
information that Ford and Newton allegedly solicited or received from the grand jurors did not fall
within the Act’s scope, and thus could not be “prohibited from disclosure under Chapter 552,” as
required by §39.06(d) of the Penal Code. Accordingly, the indictments did not allege facts that, if
true, would constitute an offense under §39.06(c). See Tex. Pen. Code Ann. §§39.06(c),(d). We
therefore affirm the trial court’s judgment dismissing the indictments on this basis. Because we
affirm the trial court’s judgment on this ground, we do not address the remaining issues raised on
appeal, including the constitutionality of §39.06 (c) and (d) of the Penal Code.

 
Phylis J. Speedlin, Justice