

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00313-CR

The **STATE** of Texas,
Appellant

v.

James Burke **JARREAU**,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 5552
Honorable N. Keith Williams, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:     Karen Angelini, Justice
     Marialyn Barnard, Justice
     Luz Elena D. Chapa, Justice

Delivered and Filed:  June 22, 2016

MOTION TO DISMISS FOR WANT OF JURISDICTION DENIED AS MOOT; AFFIRMED

This is an appeal from a trial court's order granting appellee James Burke Jarreau's motion to quash the indictment. On appeal, the State of Texas contends the trial court erred in (1) granting Jarreau's motion to quash, and (2) denying the State's motion to amend the indictment to provide the requisite notice in response to the motion to quash. We deny as moot the State's motion to dismiss for want of jurisdiction Jarreau's cross appeal and affirm the trial court's order granting the motion to quash.

BACKGROUND

The factual background is unnecessary to the disposition of this appeal. Accordingly, we provide a brief procedural background for context.

The State obtained an indictment against Jarreau for delivery or offer of delivery of a dangerous drug. Specifically, the indictment alleged Jarreau "did then and there intentionally or knowingly deliver or offer to deliver to [M.J.] a dangerous drug, specifically 25B-NBOMe."[1] Jarreau filed two motions to quash the indictment. In this first motion, he alleged the indictment failed to provide adequate notice or define the term "dangerous drug." Approximately a month later, Jarreau filed a second motion to quash. In his second motion, which is the motion ruled upon by the trial court, Jarreau complained the indictment is defective because it: (1) fails to allege why 25B-NBOMe is a dangerous drug under section 483.001(a) of the Texas Health and Safety Code ("the Code"); (2) fails to state an offense — 25B-NBOMe did not bear and was not required to bear the legends required by subsections (A) and (B) of section 483.001(2) of the Code; (3) fails to allege which of the various statutory definitions of "dangerous drug" the State intends to rely on in its prosecution, thereby failing to provide adequate notice; (4) fails to allege which of the various statutory definitions of "dangerous drug" the State intends to rely on in its prosecution, thereby failing to provide adequate notice; (5) alleges a delivery or offer to deliver, but does not state whether the delivery in question was by actual or constructive transfer; (6) alleges Jarreau delivered or offered to deliver a dangerous drug, but does not allege the manner and means of the purported delivery or offer to deliver; (7) the statute underlying the indictment — section 483.042(a) of the Code, which makes delivery or an offer of delivery of a dangerous drug a

---

[1] Effective September 1, 2015, the Legislature added 25B-NBOMe to penalty group 1A in the Texas Controlled Substances Act. Act of May 22, 2015, 84th Leg., R.S., ch. 64, § 2, 2015 Tex. Gen. Laws __ (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.1021(a)(2)(B) (West Supp. 2015)).

criminal offense — is unconstitutionally vague, facially and as applied; and (8) alleges Jarreau delivered or offered to deliver a dangerous drug, but does not allege he knew the thing delivered was a dangerous drug or any kind of contraband.

After a hearing at which the parties presented their respective arguments, the trial court took the matter under advisement. A subsequent hearing was scheduled. On the day of the hearing, but before the trial court ruled on the motion to quash, the State filed a motion to amend the indictment, seeking to include more specificity regarding the manner and means of delivery. At the hearing, the trial court verbally denied the State's motion to amend and thereafter, granted Jarreau's second motion to quash. At the State's request, the trial court stated on the record it was granting Jarreau's motion because the indictment failed to allege:

- why 25B-NBOMe is a dangerous drug under section 483.001(a) of the Code;

- which of the various statutory definitions of "dangerous drug" the State intended to rely on;

- whether the delivery in question was by actual or constructive transfer; and

- the manner and means of the purported delivery or offer to deliver.

Thereafter, the trial court signed the order granting Jarreau's motion to quash. The State filed a notice of appeal. After the State filed its notice of appeal, Jarreau filed a cross notice of appeal, seeking to affirm the trial court's order on the grounds the trial court denied, expressly or by implication. In response, the State filed a motion to strike Jarreau's cross-appellant's brief and the points therein — which we interpret as a motion to dismiss for want of jurisdiction Jarreau's cross appeal — arguing this court lacks jurisdiction to consider those points. Jarreau filed a response. After reviewing the motion and the response, we ordered the motion and response carried with the appeal.

## ANALYSIS

As noted above, the State contends the trial court erred in granting Jarreau's motion to quash and denying its motion to amend. We begin with the propriety of the trial court's order granting the motion to quash.

### *Motion to Quash*

The State first argues the trial court erred in granting the motion to quash the indictment. As noted above, the trial court granted the motion to quash on four separate grounds. The State does not address each ground independently; rather, the State makes a general argument, asserting the indictment was sufficient because it provided adequate notice of the charged offense and the act upon which the State would rely at trial to prove Jarreau's guilt.

### <u>Standard of Review</u>

Prior to the decision in *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997), the standard used to review a trial court's ruling on a motion to quash was abuse of discretion. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). Thereafter, however, a trial court's ruling on a motion to quash was subject to de novo review. *See State v. Cooper*, 420 S.W.3d 829, 831 (Tex. Crim. App. 2013) (citing *Moff*, 154 S.W.3d at 601); *State v. Castorena*, No. 04-14-00671-CR, 2016 WL 234856, at *1 (Tex. App.—San Antonio Jan. 20, 2016, no pet.). After *Guzman*, the court of criminal appeals determined that an appellate court should conduct a de novo review because the sufficiency of a charging instrument is a question of law, and "when the resolution of a question of law does not depend on the credibility and demeanor of a witness, then the trial court is in no better position than the appellate court to make the determination." *Moff*, 154 S.W.3d at 601; *Castorena*, 2016 WL 234856, at *1 (citing *State v. Rosseau*, 396 S.W.3d 550, 555 n.6 (Tex. Crim. App. 2013); *Moff*, 154 S.W.3d at 601). Here, the trial court's decision to quash the indictment was based on the indictment, the motion to quash, and argument of counsel, and

therefore, the trial court was in no better position than we are now with regard to determining whether the indictment provided sufficient notice. Accordingly, we must apply the de novo standard of review. *See Moff*, 154 S.W.3d at 601; *Castorena*, 2016 WL 234856, at *1. We may affirm a trial court's order on a motion to quash if the court's decision is correct on any theory of law applicable to the case. *State v. Ford*, 179 S.W.3d 117, 121 (Tex. App.—San Antonio 2005, no pet.); *State v. Newton*, 179 S.W.3d 104, 107 (Tex. App.—San Antonio 2005, no pet.).

### *Applicable Law — Charging Instruments*

Our federal and state constitutions confer on criminal defendants the right to fair notice of the specific charged offense. *See* U.S. CONST. amend. VI ("In all criminal prosecution, the accused shall enjoy the right to . . . be informed of the nature and cause of the accusation . . ."); TEX. CONST. art. I, § 10 ("In all criminal prosecutions the accused shall have . . . the right to demand the nature and cause of the accusation against him, and to have a copy thereof."); *see also State v. Barbernell*, 257 S.W.3d 248, 250 (Tex. Crim. App. 2008); *Moff*, 154 S.W.3d at 601; *Castorena*, 2016 WL 234856, at *1. Toward that end, in Chapter 21 of the Texas Penal Code, the Legislature provided statutory guidelines regarding the sufficiency of an indictment. *See, e.g.,* TEX. CODE CRIM. PROC. ANN. art. 21.02 (West 2016); *id.* art. 21.03; *id.* art. 21.11. Article 21.02 sets out what must be included in an indictment and states, in part, that "[t]he offense must be set forth in plain and intelligible words." *Id.* art. 21.02. And, it should include everything that is necessary to be proved. *Id.* art. 21.03. An indictment is sufficient if it:

> [C]harges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment[.]

*Id.* art. 21.11

Based on the foregoing, an indictment must be specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense. *See Moff*, 154 S.W.3d at 601; *Castorena*, 2016 WL 234856, at *1.

Generally, an indictment is sufficient if it tracks the language of the statute under which the defendant has been charged. *Barbernell*, 257 S.W.3d at 251; *Moff*, 154 S.W.3d at 602; *Castorena*, 2016 WL 234856, at *2; *Nix v. State*, 401 S.W.3d 656, 662 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Generally, definitions of statutorily-defined terms and elements are considered evidentiary, and need not be further alleged in the indictment. *Barbernell*, 257 S.W.3d at 251. Moreover, the State is not required to plead evidentiary matters nor the manner and means of commission of an offense — *if there is but one*, to provide adequate notice to the defendant. *See id.* (citing *Curry v. State*, 30 S.W.3d 394, 398 (Tex. Crim. App. 2000)); *see also Daniels v. State*, 754 S.W.2d 214, 218 (Tex. Crim. App. 1988) (en banc). However, a legally sufficient indictment — one that tracks the language of the statute — may nonetheless be subject to a motion to quash for failing to provide the defendant with sufficient notice — notice necessary to prepare an adequate defense or prevent subsequent prosecution for the same act. *See Barbernell*, 257 S.W.3d at 251 (citing *Curry*, 30 S.W.3d at 398); *Moff*, 154 S.W.3d at 602; *Nix*, 401 S.W.3d at 662.

An indictment must go beyond the statutory language when the statute is not "completely descriptive of the offense," so that more particularity is required to provide proper notice. *Nix*, 401 S.W.3d at 662 (quoting *Haecker v. State*, 571 S.W.2d 920, 921 (Tex. Crim. App. [Panel Op.] 1978)); *see Barbernell*, 257 S.W.3d at 662 (citing *Curry*, 30 S.W.3d at 698). Specifically, when a statute defines the manner or means of commission in several alternative ways, an indictment will fail for lack of specificity if it neglects to identify which of the statutory means it addresses. *Nix*, 401 S.W.3d at 662 (citing *Mays*, 967 S.W.2d 404, 407 (Tex. Crim. App. 1998) (en banc)).

Finally, "[a]n indictment must be facially tested by itself under the law, as a pleading; it can neither be supported nor defeated as such by what evidence is introduced on trial." *Patterson v. State*, 353 S.W.3d 203, 207 (Tex. App.—San Antonio 2011, pet. ref'd) (quoting *State v. Rosenbaum*, 910 S.W.2d 934, 948 (Tex. Crim. App. 1994) (opin. on reh'g adopting dissent)). In other words, the sufficiency of an indictment cannot be supported or defeated by evidence at a pretrial hearing, i.e., the trial court may not conduct a mini-trial on the merits regarding allegations in the indictment. *State v. Meadows*, 170 S.W.3d 617, 620 (Tex. App.—El Paso 2005, no pet.) (citing *Rosenbaum*, 910 S.W.2d at 948); *Farrar v. State*, 95 S.W.3d 648, 651 (Tex. App.—Eastland 2002, no pet.) (same). There is no authority — by constitution or statute — that permits a defendant to test the sufficiency of the evidence to defeat any element alleged in the indictment. *Meadows*, 170 S.W.3d at 620.

### *Application*

Jarreau was charged with delivery or offer of delivery of a dangerous drug pursuant to section 483.042 of the Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 483.042(a) (West 2010). An indictment for this offense must allege: (1) a person, (2) delivered or offered to deliver, (3) a dangerous drug. *See id.* In this case, the indictment stated:

> **JAMES BURKE JARREAU**, on or about the 20th day of April, A.D. 2013, and before presentment of this indictment, in said County and State, did then and there intentionally or knowingly deliver or offer to deliver to [M.J.] a dangerous drug, specifically 25B-NBOMe[.][2]

The State contends the indictment was sufficient because: (1) it tracks the language of the statute, and (2) the term "dangerous drug" is defined by statute, and therefore, the State was not required to plead any additional facts or evidence underlying that definition. The State admits that

---

[2] The indictment alleged a mens rea, which it was not required to do. *See* TEX. HEALTH & SAFETY CODE ANN. § 483.042(a). The State admits in its brief that by alleging Jarreau acted intentionally or knowingly, the State increased its burden of proof.

because the term "deliver" provides alternate manner or means of committing the delivery, that upon a proper motion to quash, it was required to amend the indictment to allege the manner and means of delivery upon which it would rely. The State addresses its attempt to comply with this ground of Jarreau's motion to quash in its second issue. As for the term "dangerous drug," citing the *Barbernell* decision, the State contends the key factors in determining whether a particular substance is a dangerous drug is an evidentiary matter as opposed to a matter of pleading and notice, and therefore, it was not required to provide additional information to satisfy the notice requirement. Thus, the State contends it provided or attempted to provide all the notice to which Jarreau was entitled. Jarreau disagrees.

One of the grounds upon which the trial court based its decision to quash the indictment was the failure of the indictment to state which of the statutory definitions of "dangerous drug" the State intended to rely on in its prosecution of Jarreau. As the trial court stated, "[T]here needs to be some clarity in the indictment of which of the statutory definitions the State would rely upon to classify this as a dangerous drug."

Section 483.001(2) defines a "dangerous drug" as a "device or drug that is unsafe for self-medication and that is not included in Schedules I through V or Penalty Groups 1 through 4 of Chapter 481 (Texas Controlled Substance Act)." *Id.* § 483.001(2).[3] Jarreau argued below, and argues again here, there are two statutory methods by which a person may commit the offense of delivery or offer of delivery of a dangerous drug — deliver or offer to deliver a device, or deliver or offer to deliver a drug that is unsafe for self-medication. Thus, according to Jarreau, upon proper

---

[3] The statute goes on to state that "[t]he term includes a device or drug that bears or is required to bear the legend: (A) 'Caution: federal law prohibits dispensing without prescription' or 'Rx only' or another legend that complies with federal law; or (B) 'Caution: federal law restricts this drug to use by or on the order of a licensed veterinarian.'" TEX. HEALTH & SAFETY CODE ANN. § 483.001(2)(A), (B). We find this portion of the definition irrelevant to our analysis.

motion, the State was required to provide the method by which the State intended to prove commission of the offense. We agree.

We agree with the State that generally, an indictment that tracks the language of the statute and defines the terms therein is constitutionally and statutorily sufficient. *See Barbernell*, 257 S.W.3d at 251; *Moff*, 154 S.W.3d at 602; *Castorena*, 2016 WL 234856, at *2. Nevertheless, "where a criminal statute possesses statutorily-defined, alternative methods of committing an offense, then upon timely request, a defendant is entitled to an allegation of which statutory method the State intends to prove." *Mays*, 967 S.W.2d at 407 (quoting *State v. Edmond*, 933 S.W.2d 120, 128 (Tex. Crim. App. 1996)); *see, e.g., Olurebi v. State*, 870 S.W.2d 58, 62 (Tex. Crim. App. 1994) (en banc); *State v. Stukes*, No. 14-15-00287-CR, 2016 WL 720845, at *2–3 (Tex. App.—Houston [14th Dist.] Feb. 23, 2016, no pet.); *Nix*, 401 S.W.3d at 662; *White v. State*, 50 S.W.3d 31, 37–38 (Tex. App.—Waco 2001, pet. ref'd).

We find the court's decision in *Olurebi* instructive. In that case, the defendant was charged with felony credit card abuse. 870 S.W.2d at 59. To convict a defendant for this offense, the State was required to prove the defendant, with intent to obtain property or service, used "a fictitious credit card or the pretended number or description of a fictitious credit card[.]" *Id.* at 60. The court first determined a fictitious credit card "is either a credit card not issued by the purported owner or a credit card with an actual owner but issued to a nonexistent cardholder." *Id.* at 61. Because the court determined there were two ways in which a credit card could be fictitious, it held the trial court should grant a motion to quash that fails to advise the defendant of the manner in which the credit card is fictitious. *Id.* at 62. The court held that because the trial court failed to grant the defendant's motion to quash, the trial court erred, requiring a remand for a harm determination. *Id.*

Here, although the term "dangerous drug" is defined, it is defined in two ways — *a device that is not included in Schedules I through V or Penalty Groups 1 through 4 of Chapter 481, or a drug that is unsafe for self-medication* and that is not included in Schedules I through V or Penalty Groups 1 through 4 of Chapter 481. Hence, there are — as in *Olurebi* — alternate means by which a defendant may deliver or offer to deliver a dangerous drug. *See id.* Accordingly, once Jarreau filed a motion to quash pointing out the notice deficiency in the indictment, it was incumbent upon the State to provide the missing notice.

Another example is found in the court's opinion in *Saathoff v. State*, 891 S.W.2d 264 (Tex. Crim. App. 1994) (per curiam). In that case, the defendant was charged with intoxication manslaughter. *Id.* at 265. The indictment failed to allege the type of intoxication — loss of normal mental or physical faculties versus blood alcohol concentration above the proscribed limit — the State sought to prove. *Id.* at 267, 267 n.3; *see* TEX. PENAL CODE ANN. § 49.01(2) (West 2011) (defining "intoxicated"). The trial court denied the motion to quash, but this court reversed the trial court's decision, holding the State was required to specify which definition(s) of intoxication it sought to prove. *Saathoff*, 891 S.W.2d at 265 (citing *Saathoff v. State*, No. 04-93-00261-CR, (Tex. App.—San Antonio Nov. 10, 1993). On petition for discretionary review, the State argued, among other things, that because intoxication was not an act or omission, but merely a condition it was not required to allege the type of intoxication in the indictment. *Id.* at 266. The court held the State interpreted the concept of "act or omission" too narrowly, concluding that "[i]f the prohibited conduct is statutorily defined to include more than one manner and means of commission," upon request, the State must allege the manner or means it seeks to establish. *Id.* at 266. Thus, analogizing to *Saathoff*, we conclude that just as the State, in response to a motion to quash, was required to allege which version of the defined term "intoxication" it would rely on at

trial, it was likewise required in this case to allege which version of the defined term "dangerous drug" it would rely on at trial.

Similarly, in *White v. State*, the Waco Court of Appeals was asked to determine whether a trial court erred in failing to grant a motion to quash that challenged an indictment alleging failure to report child abuse or neglect. 50 S.W.3d at 37–38. In that case, the indictment alleged the defendant "did then and there, having cause to believe that the physical or mental health or welfare of a child, [C.W.], had been or may be directly affected by abuse or neglect, knowingly failed [sic] to report." *Id.* at 38. The defendant claimed the indictment failed to provide adequate notice of the manner and means by which she committed the offense. *Id.* at 37. According to the defendant, the allegation in the indictment was insufficient because it failed to provide, among other things, "specific notice as to what type of abuse occurred." *Id.* at 38. The court found that the term "abuse" was defined in the Texas Family Code in multiple ways. *Id.* Thus, it was possible for the defendant to commit the offense in multiple ways. *Id.* Because the statute identified more than one method by which it could be violated, in the face of a motion to quash, the indictment failed for lack of specificity. *Id.* We hold the same is true in this case — although the statute defined the term "dangerous drug," it did so in two separate ways, establishing that the offense with which Jarreau was charged can be committed in alternate ways. Therefore, the trial court did not err in granting his motion to quash.

We also find *State v. Edmond* instructive as it sets out the distinction regarding what the State must allege — manner and means when there are alternative methods of commission — as opposed to evidentiary matters which it need not allege. 933 S.W.2d at 128–30. In that case, the defendant was charged with official oppression. *Id.* at 121. The specific paragraph at issue alleged the defendant subjected the victim to "sexual harassment by making unwelcome sexual advances and/or making request for sexual favors." *Id.* at 127–28. The defendant argued that because the

indictment failed to describe or define the specific advances or requests alleged, the indictment failed to provide adequate notice. *Id.* at 128. The trial court agreed and quashed the indictment; its decision was affirmed by the court of appeals. *Id.* at 121. The State sought further review in the court of criminal appeals. *Id.* at 121–22.

Upon review, the court of criminal appeals held Edmond's complaint was distinguishable from that presented in *Olurebi*. *Id.* at 128. In the *Edmond* indictment, the State "utilized the statutory definition of 'sexual harassment,' electing among the alternate statutory manner or means" of committing the offense. *Id.* at 130. The State did so by describing how the defendant allegedly sexually harassed the victim — by making unwelcome sexual advances and/or making request for sexual favors. *Id.* Contrary to the defendant's position, the State was not required to include in the indictment the language actually used by the defendant because that would require the State to "plead[] facts which are essentially evidentiary in nature." *Id.*

We find this case falls within the ambit of *Olurebi* rather than *Edmond*. Here, the State did not "elect[] among the alternate statutory manner or means" of committing the offense of delivery or offer to deliver a dangerous drug — by device or by drug that is unsafe for self-medication. *Compare Edmond*, 933 S.W.2d at 130 *with Olurebi*, 870 S.W.2d at 61; *see Coleman v. State*, 643 S.W.2d 124 (Tex. Crim. App. 1982) (holding that indictment that tracked statutory language for theft provided insufficient notice because indictment simply alleged defendant appropriated property without alleging manner or means of appropriation, which were statutorily specified). Simply including the descriptor "25B-NBOMe" does nothing to alleviate the notice deficiency.

Accordingly, we hold the trial court properly granted Jarreau's motion to dismiss the indictment on the ground that the indictment failed to provide adequate notice because it failed to state which of the statutory definitions of "dangerous drug" the State intended to rely on in its prosecution of Jarreau — thereby failing to allege one of the alternate manner and means of

committing the charged offense. Given that we have determined that this ground was a sufficient basis upon which to quash the indictment, we need not address either the three alternate grounds ruled upon by the trial court or the four alternate grounds raised by Jarreau in his cross appeal. *See Ford*, 179 S.W.3d at 121. As we have declined to address Jarreau's alternate contentions for affirming the trial court's order, we deny as moot the State's motion to dismiss for want of jurisdiction Jarreau's cross appeal. We further note that because the indictment was quashed and the State appealed that decision rather than refiling the indictment, there has been no trial. Because there was no trial, this is not a situation in which we are required to do a harm analysis pursuant to *Adams v. State*, 707 S.W.2d 900 (Tex. Crim. App. 1986). *See Moff*, 154 S.W.3d at 604.

### *Motion to Amend Indictment*

In its second appellate complaint, the State contends the trial court erred in denying its motion to amend the indictment. The State argues it was entitled to amend the indictment because the proposed amendment charged neither a different nor an additional offense, nor did the proposed amendment prejudice Jarreau's substantial rights. We need not address this issue given our decision that the indictment failed to allege one of the statutory alternative methods by which Jarreau could have committed the offense.

In the original indictment, as set out above, the State alleged Jarreau "did then and there intentionally or knowingly deliver or offer to deliver to [M.J.] a dangerous drug." Section 483.001(3) defines "deliver" as selling, dispensing, giving away, or supplying in any other manner." TEX. HEALTH & SAFETY CODE ANN. § 483.001(3). In addition to challenging the indictment on the ground analyzed above, Jarreau also challenged the indictment for failing to allege the manner and means of the purported delivery or offer to deliver. In its proposed amendment, the State sought to address this complaint by Jarreau by amending the indictment to include the statutory definition of delivery. This is the only amendment proposed by the State.

- 13 -

The absence of a manner and means of purported delivery or offer to deliver is not the basis for our decision affirming the trial court's order granting the motion to quash. And, as noted by the trial court, the proposed amendment would not have corrected the other notice deficiency in the indictment, which is the basis for our decision. We therefore need not address whether the trial court erred in denying the State's motion to amend.

## CONCLUSION

Based on the foregoing, we hold that because the State failed to provide sufficient notice to inform the accused of the specific acts for which he was charged, the trial court did not err in quashing the indictment. We further deny as moot the State's motion to dismiss for want of jurisdiction Jarreau's cross appeal. Accordingly, we affirm the trial court's order granting Jarreau's motion to quash.

Marialyn Barnard, Justice

Do Not Publish