Terry Stone CRAWFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 68174.

Court of Criminal Appeals of Texas, En Banc.

March 9, 1983.

Rehearing denied March 30, 1983.

Paul Schiffer, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ray Elvin Speece and Russell Turbeville, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of endless chain scheme, a violation of V.T.C.A. Penal Code, Section 32.48; the punishment is incarceration in the county jail for 90 days and a fine of $1,000, probated.

The sole ground of error is that the trial court erred in refusing to grant the motion to quash the indictment. In his motion to quash the indictment the appellant urged that it failed to allege with reasonable certainty the act or acts relied on to constitute recklessness. He continues this argument on appeal.

Although V.T.C.A. Penal Code, Section 32.48 does not in its definition prescribe a culpable mental state, it does not dispense with a culpable mental state; therefore, a culpable mental state is a required element of the offense. V.T.C.A. Penal Code, Section 6.02(b). *Baldwin v. State,* 538 S.W.2d 109 (Tex.Cr.App.1976); *Tew v. State,* 551 S.W.2d 375 (Tex.Cr.App. 1977). Since a culpable mental state is required in the commission of the offense denounced by V.T.C.A. Penal Code, Section 32.48, intent, knowledge, *or* recklessness would suffice to establish criminal responsibility and either may be alleged. V.T.C.A. Penal Code, Section 6.02(c). *Koah v. State,* 604 S.W.2d 156 (Tex.Cr.App.1980); *Bocanegra v. State,* 552 S.W.2d 130 (Tex.Cr.App. 1977).

The indictment in pertinent part reads:

"TERRY STONE CRAWFORD, hereafter styled the Defendant, heretofore on or about June 20, 1980, did then and there unlawfully, intentionally, knowingly, and recklessly contrive, prepare, propose, operate, promote, and participate in an endless chain scheme, for the disposal and distribution of property, namely money, whereby a participant would pay a valuable consideration for the chance to receive compensation for introducing one or more additional persons into participation in the scheme and for the chance to receive compensation when a person introduced by the participant introduced a new participant.

All three of the culpable mental states, intentionally, knowingly, and recklessly, were alleged. Since it is sufficient to allege either of the culpable mental states, the indictment on its face alleges two culpable mental states, intentionally and knowingly, which are not subject to the complaint concerning the culpable mental state, recklessly, made in the appellant's motion to quash. The indictment is sufficient and we need not determine the requirements of the indictment, if recklessly had been the only alleged culpable mental state.

The judgment is affirmed.

Opinion approved by the court.