# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00016-CR

**Andy Griffin, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 006019, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Andy Griffin guilty of the aggravated assault of a peace officer with a deadly weapon. Tex. Pen. Code Ann. ' 22.02(a)(2), (b)(2) (West 1994). The district court assessed punishment, enhanced by a previous felony conviction, at forty years= imprisonment. Griffin brings forward three points of error complaining that the district court erroneously refused to quash the indictment, sustain his challenge to a prospective juror, and instruct the jury on the law of self-defense. We will overrule these contentions and affirm.

Griffin was employed to make deliveries for an Austin mattress dealer. One day, he did not return the delivery truck and the vehicle was reported stolen. A week later, another employee saw Griffin driving the truck and notified the police. Appellant refused to comply with repeated attempts by police officers to stop him, leading them on a prolonged chase during which he often drove in lanes of oncoming

traffic and on the shoulder of the highway. Officers used a Astinger@ device to deflate one of the truck=s front tires, but even this did not cause Griffin to stop. An officer bumped the back of the delivery truck with his patrol car, and then pulled beside the truck. Griffin swerved and forced the officer off the road. Later, another officer, William Deal, passed Griffin and began to slow down, hoping to slow and then stop the truck. Griffin repeatedly rammed Deal=s patrol car with the delivery truck, causing the officer to lose control and slide off the road.

Griffin contends the district court erred by overruling his second motion to quash the indictment, in which he urged that it failed to allege Athe act or acts relied upon to constitute recklessness.@ Tex. Code Crim. Proc. Ann. art. 21.15 (West 1989). Under article 21.15, an indictment alleging reckless misconduct must allege with reasonable certainty both the act or acts relied on to constitute the forbidden conduct committed recklessly and the acts or circumstances relied on to demonstrate that the forbidden conduct was committed recklessly. *State v. McCoy*, 64 S.W.3d 90, 92 (Tex. App.CAustin 2001, no pet.). The pertinent portion of the indictment alleged that Griffin Aintentionally, knowingly and recklessly cause[d] bodily injury to William Deal by causing [his] vehicle . . . to strike the vehicle of William Deal.@

The record does not reflect that the second motion to quash was ever presented to the court for a ruling. The ruling to which Griffin refers us in his brief was the ruling on his first motion to quash, which did not raise the article 21.15 issue. We also note that because the indictment alleged that Griffin acted intentionally and knowingly, as well as recklessly, compliance with article 21.15 was not required. *Coleman v. State*, 646 S.W.2d 936, 937 (Tex. Crim. App. 1983). Point of error two is overruled.

2

Next, Griffin urges that the district court should have granted his challenge for cause to a venire member on the ground that she would unquestioningly believe the testimony of police officers. *See* Tex. Code Crim. Proc. Ann. art. 35.16(a)(9) (West 1989). The panelist indicated that she had had Apositive experiences@ with police officers, that she Ausually believes@ statements by police officers quoted in newspaper stories, and that she would Astart off giving a police officer more credibility than just a regular person.@ But she also said that she Awould try to be fair,@ and she answered affirmatively when asked if she could keep an open mind and could Alisten to every witness and decide which ones are telling the truth and which ones aren=t@ without regard to their occupation.

So long as human beings serve as jurors, complete impartiality cannot be realized. *Ladd v. State*, 3 S.W.3d 547, 560 (Tex. Crim. App. 1999) (quoting *Jones v. State*, 982 S.W.2d 386, 389 (Tex. Crim. App. 1998)). A venire member is not challengeable for cause simply because she would give certain classes of witnesses a slight edge in terms of credibility. *Id*. The panelist in question did not manifest an extreme or absolute belief in the credibility of police officers that would be disqualifying. *Id*. The court did not abuse its discretion by overruling Griffin=s challenge. Point of error one is overruled.

Finally, appellant contends the district court erred by refusing to instruct the jury on the right to use force to resist an arrest by an officer using or attempting to use greater force than necessary. Tex. Pen. Code Ann. ' 9.31(c) (West Supp. 2003); *see Aguilar v. State*, 914 S.W.2d 649, 651 (Tex. App.CTexarkana 1996, no pet.). He argues that the evidence raised an issue as to whether his actions were justified Ain order to save himself from the dangerous actions of the police in attempting to force him off the road.@

**3**

To be justified in the use of force to resist an arrest, the actor must not have offered any prior resistance. Tex. Pen. Code Ann. ' 9.31(c)(1). In this case, Griffin clearly resisted attempts by Deal and other officers to arrest him before he rammed Deal=s patrol car with the delivery truck. Also, there is no evidence that Deal used or attempted to use any force against Griffin. Instead, the record shows that Deal merely drove slowly in front of Griffin. Griffin=s assault of Deal was not in response to any use of force by Deal, and thus could not be justified as self-defense. The court did not err by refusing the requested instruction. Point of error three is overruled.

The judgment of conviction is affirmed.


Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: February 27, 2003

Do Not Publish

4