COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-195-CR
 
NICHOLAS BRYAN MCKENZIE                                                       
APPELLANT
V.
THE STATE OF TEXAS                                                               
    STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant Nicholas Bryan McKenzie appeals from his conviction for
aggravated assault with a deadly weapon. In seven points, he argues that the
trial court erred in overruling his motion to quash the indictment, in not
setting forth in the application paragraph of the charge at guilt-innocence the
act or acts constituting recklessness, and in overruling his objection and
specially requested jury charge on the issue of deadly conduct; and that the
evidence is legally and factually insufficient to sustain his conviction. We
affirm.
On the night of May 15, 2001, Miranda Lawson was shot in the parking
lot of an apartment complex while getting into a car. The police investigating
the incident determined that the shot came from appellant's apartment. After
obtaining consent to search appellant's apartment, the police found the Mouser
military-style rifle that shot Lawson, a Glock 40-caliber pistol, and two loaded
magazines hidden under appellant's mattress. They also found approximately 150
rounds of live ammunition in other parts of the bedroom, a spent 7.9 millimeter
rifle cartridge, a Derringer starter pistol, a window screen, and a "great
deal" of ammunition downstairs. Before the search, appellant and his wife
had told the police that they did not have any weapons in their apartment. The
police arrested appellant for aggravated assault.
At the police station, appellant waived his rights and gave a written
statement. Appellant told the police that he had taken out his loaded Mouser
rifle and pointed the gun at things outside his bedroom window while working the
action by ejecting a round and putting a live round into the chamber. He claimed
that he had placed the rifle on the bed next to him and watched people outside
the apartment. He saw Lawson standing by the side of a car when he picked up the
rifle and "saw that the bolt did not look like it was in the proper
position." Appellant claimed that he "hit the bolt and the rifle
discharged." Appellant then heard screaming and saw Lawson fall backward.
Appellant hid the rifle and his Glock semi-automatic pistol under the mattress
and retrieved and hid a bedroom window screen that had been knocked out by the
shot.
Appellant was tried by a jury for aggravated assault with a deadly
weapon. The jury convicted him of the offense and sentenced him to fifteen
years' imprisonment and a $10,000 fine.
In appellant's first point, he argues that the trial court erred in
overruling his motion to quash the indictment because the indictment failed to
allege the act or acts constituting the allegation of recklessness. See
Tex. Code Crim. Proc. Ann. art. 21.15 (Vernon 1989). (2)
The State alleged in the indictment that appellant "intentionally or
knowingly or recklessly caused bodily injury to Miranda Lawson by shooting her
with a rifle and [appellant] did use or exhibit a deadly weapon during the
commission of the assault, to-wit: a firearm."
An indictment may properly charge the offense of aggravated assault by
alleging (1) the defendant (2) intentionally, knowingly, or recklessly (3)
caused bodily injury to another and (4) used a deadly weapon. Tex. Penal Code
Ann. §§ 22.01(a)(1), 22.02(a)(2) (Vernon 2003); Wade v. State,
951 S.W.2d 886, 888 (Tex. App.--Waco 1997, pet. ref'd). The indictment in this
case alleged these essential elements. Furthermore, the Texas Court of Criminal
Appeals has held that where the State alleges other culpable mental states along
with recklessness, such as intentionally or knowingly, it is not necessary for
it to allege with reasonable certainty the act or acts relied on, to constitute
recklessness. See Crawford v. State, 646 S.W.2d 936, 937
(Tex. Crim. App. 1983); Ely v. State, 582 S.W.2d 416, 421
(Tex. Crim. App. [Panel Op.] 1979); see also State v. McCoy,
64 S.W.3d 90, 94 n.2 (Tex. App.--Austin 2001, no pet.) (recognizing that under Crawford
indictment alleging conduct committed intentionally, knowingly, or recklessly
need not comply with article 21.15). Thus, the State was not required to set
forth specific facts supporting the allegation of recklessness.
But even if the State was required under the circumstances to allege
with reasonable certainty the specific acts of recklessness that appellant
committed, it did so by alleging appellant shot Lawson with a rifle. See
State v. Emanuel, 873 S.W.2d 108, 109-10 (Tex. App.--Dallas 1994, no pet.)
(holding that indictment charging defendant with assault, by alleging that
defendant recklessly caused bodily injury to another by striking victim with a
belt, gave defendant sufficient notice of wrongful conduct charged); Cruz
v. State, 838 S.W.2d 682, 684 (Tex. App.--Houston [14th
Dist.] 1992, pet. ref'd) (holding State adequately alleged offense of aggravated
assault where indictment alleged defendant "did then and there knowingly,
intentionally and recklessly cause bodily injury to [victim],
by striking her with his body and causing her to fall to the floor").
Accordingly, the trial court did not err in denying appellant's motion to quash.
We overrule point one.
In appellant's second and third points, he argues that the trial court
erred at guilt-innocence in failing "to set forth the act or acts
constituting the allegation of recklessly made in the indictment and in the
application paragraph of the [jury] charge." Because the jury charge tracks
the language in the indictment and the indictment sufficiently alleges the
elements of the offense, as well as the specific acts constituting recklessness,
the trial court's charge was sufficient. See Williams v. State,
848 S.W.2d 777, 781 (Tex. App.--Houston [14th Dist.]
1993, no pet.); see also Doyle v. State, 24 S.W.3d 598,
602 (Tex. App.--Corpus Christi 2000, pet. ref'd) ("The correct jury charge
is one that accurately sets out the law, is authorized by the indictment, does
not unnecessarily increase the State's burden of proof or unnecessarily restrict
the theories of liability, and adequately describes the particular offense for
which the defendant was tried."). We overrule points two and three.
In appellant's fourth and fifth points, he challenges the trial court's
decision not to charge the jury on the offense of deadly conduct, after he
objected to the omission and requested a special jury instruction on the issue.
Essentially, appellant argues that the trial court should have instructed the
jury on deadly conduct because it is a lesser included offense of aggravated
assault. To be entitled to a jury instruction on a lesser included offense, the
offense must be a lesser included offense of the charged offense and there must
be some evidence that if the defendant is guilty at all, he is only guilty of
the lesser offense. Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 1981); Feldman
v. State, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002).
Without presenting argument to support his position, appellant has
stated in a conclusory fashion that deadly conduct is a lesser included offense
of aggravated assault. Such a determination, however, must be made on a case by
case basis, and appellant has not discussed any evidence that would support his
contention. See Miller v. State, 86 S.W.3d 663, 666-67
(Tex. App.--Amarillo 2002, pet. ref'd) ("[U]nder the circumstances of this
case, deadly conduct is not a lesser-included offense of aggravated assault as
charged because the statutory elements of deadly conduct would not necessarily
be established by proof of the same or less than all the facts required to
establish the commission of the offense charged."). Furthermore, appellant
has not referred this court to any evidence in his brief demonstrating, nor has
he argued, that he could only be found guilty of deadly conduct. He also has
failed to discuss any legal authority on when a lesser included offense
instruction is required. See Tex. R. App. P. 38.1(h); Tong
v. State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert.
denied, 532 U.S. 1053 (2001). Thus, we overrule appellant's fourth and
fifth points as inadequately briefed.
In appellant's sixth and seventh points, he argues that the evidence is
legally and factually insufficient to sustain his conviction. In reviewing the
legal sufficiency of the evidence to support a conviction, we view all the
evidence in the light most favorable to the verdict in order to determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State,
55 S.W.3d 608, 612 (Tex. Crim. App. 2001). This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at
2789. When performing a legal sufficiency review, we may not sit as a thirteenth
juror, re-evaluating the weight and credibility of the evidence and, thus,
substituting our judgment for that of the fact finder. Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert.
denied, 529 U.S. 1131 (2000).
In reviewing the factual sufficiency of the evidence to support a
conviction, we are to view all the evidence in a neutral light, favoring neither
party. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000); Clewis v. State, 922 S.W.2d 126, 129, 134 (Tex.
Crim. App. 1996). Evidence is factually insufficient if it is so weak as to be
clearly wrong and manifestly unjust or the adverse finding is against the great
weight and preponderance of the available evidence. Johnson,
23 S.W.3d at 11. Therefore, we must determine whether a neutral review of all
the evidence, both for and against the finding, demonstrates that the proof of
guilt is so obviously weak as to undermine confidence in the verdict, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof. Id. In performing this review, we are to
give due deference to the fact finder's determinations. Id.
at 8-9; Clewis, 922 S.W.2d at 136. We may not substitute
our judgment for that of the fact finder's. Johnson, 23
S.W.3d at 12. Consequently, we may find the evidence factually insufficient only
where necessary to prevent manifest injustice. Johnson, 23
S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997).
To make a determination of factual insufficiency, a complete and
detailed examination of all the relevant evidence is required. Johnson,
23 S.W.3d at 12. A proper factual sufficiency review must include a discussion
of the most important and relevant evidence that supports the appellant's
complaint on appeal. Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).
The evidence showed that appellant knew the rifle was loaded when he
pointed it at things outside the bedroom window and worked the action by
ejecting a round and putting a live round into the chamber. A forensic examiner
who tested the rifle testified that it was incapable of firing on its own,
unless "perhaps [it was] dropp[ed] from a great distance which might jam
the sear loose from the firing pin mechanism." Dropping the rifle, however,
would likely cause damage to it, and the forensic examiner stated that he did
not "see anything that would reflect an impact from dropping it from a
distance." Appellant also never contended that the rifle dropped. The gun
would not fire "by any accidental means like thrusting the bolt rapidly
forward with a lot of force." Before actually pulling the trigger, the
rifle would only fire if a cartridge was in the chamber, which requires:

 preloading into the magazine one or more cartridges by manually
 inserting a cartridge into the chamber. Then the bolt has to be placed in the
 forward position and the bolt handle turned downward.
        The
 last requirement is for the safety to be off or in the fire position, which is
 to the left. At this point when all these conditions are met, the gun is ready
 for firing.

 
After all these steps are taken, the rifle will still not fire until
the trigger is pulled. The trigger had a pull of between six and
six-and-one-half pounds.
Donnell McKenzie, appellant's wife, testified that before the rifle
fired, appellant was "piddling" with it in his lap. She then heard a
loud noise and saw appellant turn pale. When she asked appellant what had
happened, he replied, "I don't know, the gun went off." After Lawson
was shot, appellant hid the rifle, the Glock pistol, the ammunition, and the
window screen. He did not attempt to assist Lawson or call the police.
Evidence was also introduced that appellant fantasized about being a
sniper and a dignitary protection agent and that he claimed to have a history of
killing people. Appellant also told his family and friends that he was a
bodyguard and claimed to be part of a tactical squad. He also used a computer to
create a photograph of him in a tactical squad unit, which labeled him as a
sniper guard.
Having reviewed the evidence, we conclude that the jury could have
reasonably concluded that appellant had the requisite intent to support the
conviction for aggravated assault. Thus, we hold the evidence was legally and
factually sufficient to support the jury's verdict. We overrule points six and
seven.
Having overruled appellant's points on appeal, we affirm the trial
court's judgment.
 
                                                       
   SAM J. DAY
                                                       
   JUSTICE
 
PANEL B: DAY, LIVINGSTON, and HOLMAN, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: July 3, 2003

1. See Tex. R. App. P. 47.4.
2. Article 21.15 states:

        Whenever
 recklessness or criminal negligence enters into or is a part or element of any
 offense, or it is charged that the accused acted recklessly or with criminal
 negligence in the commission of an offense, the complaint, information, or
 indictment in order to be sufficient in any such case must allege, with
 reasonable certainty, the act or acts relied upon to constitute recklessness
 or criminal negligence, and in no event shall it be sufficient to allege
 merely that the accused, in committing the offense, acted recklessly or with
 criminal negligence.

Id.