**The STATE of Texas, Appellant**

**v.**

**Raul Becerra CASTORENA, Appellee**

**No. 04–14–00671–CR**

Court of Appeals of Texas,
San Antonio.

Delivered and Filed: January 20, 2016

Fred Hernandez, District Attorney, Del Rio, TX, for Appellant.

Stephen Foster, San Antonio, TX, for Appellee.

Sitting: Sandee Bryan Marion, Chief Justice Marialyn Barnard, Justice Patricia O. Alvarez, Justice

## OPINION

Opinion by: Marialyn Barnard, Justice

Appellant, the State of Texas, appeals the trial court's order granting appellee Raul Becerra Castorena's motion to quash the indictment. On appeal, the State contends the trial court erred in granting the motion to quash because: (1) the indictment provided Castorena with sufficient notice; and (2) Castorena waived any complaint regarding the form and substance of the indictment by failing to object prior to trial. We reverse the trial court's judgment and remand for further proceedings.

### BACKGROUND

A detailed rendition of the underlying facts is unnecessary to the disposition of this appeal. Accordingly, we provide a brief procedural background relevant to the issues presented.

In 2008, a grand jury indicted Castorena on two counts—theft and misapplication of fiduciary property. Before trial, the trial court granted the State's motion to amend the indictment, allowing the State to add the following language to both counts of the indictment:

> And it is further presented in and to said Court that all of the said amounts were obtained pursuant to one scheme or continuing course of conduct, and the aggregate value of the property obtained was $1500 or more but less than $20,000[.]"

The matter then proceeded to a jury trial. During trial, the trial court granted Castorena's motion for directed verdict as to the theft count. The case proceeded on the remaining charge of misapplication of fiduciary property. However, the jury was unable to reach a verdict, and the trial court declared a mistrial.

After the mistrial, the State sought to retry Castorena for the offense of misapplication of fiduciary property. However, before the trial began, Castorena filed a motion to quash the indictment, claiming it failed to provide "appropriate and reasonable notice" to allow him to prepare a

defense. He specifically complained the indictment alleged he misapplied fiduciary property over a period of more than three years without specifying the instances that formed the basis of the indictment.

The trial court granted Castorena's motion to quash. Thereafter, the State perfected this appeal. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(1) (West Supp. 2015) (permitting State to appeal order dismissing all or part of indictment, information, or complaint).

## ANALYSIS

As noted above, the State brings two contentions on appeal. First, the State asserts the trial court erred in granting Castorena's motion to quash the indictment because the indictment was sufficient to give Castorena notice. Specifically, the State argues that because the amended indictment contained aggregation language as permitted by the Texas Penal Code, it was unnecessary to provide Castorena with specific instances of misapplication. Second, the State contends Castorena waived his right to complain about the indictment by failing to object to it prior to the first trial, i.e., the trial that ended in a mistrial.

### Sufficiency of Notice

■ We conduct a de novo review of a trial court's ruling on a motion to quash the indictment. *State v. Rosseau,* 396 S.W.3d 550, 555 n. 6 (Tex.Crim.App.2013) (citing *Smith v. State,* 309 S.W.3d 10, 13–14 (Tex.Crim.App.2010)); *State v. Moff,* 154 S.W.3d 599, 601 (Tex.Crim.App.2004). We conduct a de novo review because the sufficiency of a charging instrument is a question of law. *Rosseau,* 396 S.W.3d at 555 n. 6 (citing *Smith,* 309 S.W.3d at 13–14; *Moff,* 154 S.W.3d at 601. As noted by the court in *Moff,* when the resolution of a question of law does not depend on the

credibility and demeanor of a witness, then the trial court is in no better position than the appellate court to make the determination, and therefore, a de novo review is the appropriate standard. 154 S.W.3d at 601. Here, the trial court's decision was based on the indictment, the motion to quash, and argument of counsel. Thus, the trial court was in no better position than we are now with regard to determining whether the indictment provided Castorena with sufficient notice. We must, therefore, apply the de novo standard of review. *See id.*

■ The right of a defendant to notice of the State's accusations is set forth in the federal and state constitutions. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. "Thus, the charging instrument must be specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense." *Moff,* 154 S.W.3d at 601. The Texas Code of Criminal Procedure provides guidelines with regard to the sufficiency of an indictment. Specifically, Article 21.11 provides:

> An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment . . . ."

TEX.CRIM. PROC.CODE ANN. art. 21.11 (West 2009); *see id.* art. 21.03 ("Everything should be stated in an indictment which is necessary to be proved."); *id.* art. 21.04 ("The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense").

In the trial court and now in this court, Castorena argues the indictment—the portion alleging misapplication of fiduciary property—did not provide him with sufficient notice because the misapplications happened over a three and half year period, and Castorena "cannot be expected to gather evidence and prepare a defense for every [action] made during the three and half year period of the time alleged in ... the State's indictment." According to Castorena, the State was required to allege in the indictment each instance of misapplication so as to allow him to prepare a defense.

In support of this argument, Castorena relies upon the court's decision in *Moff.* In *Moff,* which is factually similar, the defendant, who was the chief appraiser of Nueces County, was alleged to have misapplied money and credit cards over a seven-year period. 154 S.W.3d at 600. After he was indicted for misapplication of fiduciary funds, Moff filed a motion to quash the indictment for failing to specify which transactions formed the basis of the indictment. *Id.* The trial court granted the motion to quash, but on appeal, the appellate court held that the trial court abused its discretion in granting the motion. *Id.* The Texas Court of Criminal Appeals granted a review and held "[i]t is unreasonable to require the defendant to gather evidence and prepare a defense for each of the credit card and cash transactions he made during the seven-year time frame of the indictment." *Id.* at 603.

At first glance, it would appear *Moff* supports Castorena's motion and the trial court's ruling thereon. However, the State argues *Moff* is inapplicable because Castorena was charged with an aggregate offense. In support of its position, the State points to the court of criminal appeals' decision in *Kellar v. State,* 108 S.W.3d 311, 312 (Tex.Crim.App.2003) (en banc), arguing *Kellar* requires we find Castorena had sufficient notice and we reverse the trial court's order granting Castorena's motion to quash. We agree with the State.

Castorena was charged with misapplication of fiduciary property, an offense found in Chapter 32 of the Texas Penal Code—entitled "Fraud," specifically section 32.45(c). *See* Tex. Penal Code Ann. § 32.45(c) (West Supp.2015). Also found in Chapter 32 is a provision which provides that when "amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as *one offense* and the amounts aggregated in determining the grade of the offense." *Id.* § 32.03 (West 2011) (emphasis added). Thus, pursuant to the aggregating language in the indictment, Castorena was charged with a single offense, not numerous separate offenses. In *Kellar,* the Texas Court of Criminal Appeals addressed whether an indictment containing the exact same aggregating language, albeit in a theft case under Chapter 31 of the Penal Code, gave the defendant sufficient notice of the offense alleged. 108 S.W.3d at 312. It found the indictment sufficient. *Id.*

In *Kellar,* the defendant was indicted for theft. 108 S.W.3d at 312. The indictment alleged Kellar, over the course of more than two years, unlawfully appropriated property "pursuant to one scheme and continuing course of conduct" with an "aggregate value" of "$100,000 or more" with the owner's consent. *Id.* Like Castorena, Kellar filed a motion to quash the indictment, asserting the indictment did not provide sufficient notice because it failed to state "specifically each separate alleged offense or theft, by date, alleged complainant, amount, location and type of property taken." *Id.* Kellar claimed the lack of

notice precluded him from adequately preparing a defense. *Id.*

The trial court denied Kellar's motion, and the appellate court affirmed. *Id.* On review, the court of criminal appeals turned to section 31.09 of Chapter 31—entitled "Theft." That section, which is identical to section 32.03 found in Chapter 32, permits conduct that occurs pursuant to one scheme or continuing course of conduct to be considered *one offense* and the amounts allegedly taken aggregated to determine the grade of the offense. Tex. Penal Code Ann. § 31.09 (West 2011) (emphasis added). The court found that because the indictment contained the aggregating language found in section 31.09 of the Penal Code, the offense alleged was "aggregated theft," and the State was not required to include in the indictment the specific acts of theft that were aggregated. *Id.* at 313. Although the court agreed a defendant has a constitutional right to sufficient notice so as to allow him to prepare a defense, that notice need not come only from the charging instrument, but may be satisfied by other means. *Id.*

In *Kellar,* the court noted the record established Kellar had actual notice of the specific instances of theft upon which the State had based its allegations. *Id.* at 313–14. Specifically, Kellar had access to binders containing documentation of more than one hundred transactions showing instances of theft, and the State filed a document containing an itemized list of transactions upon which it intended to rely. *Id.* at 314. Moreover, and is applicable here, the State filed copies of business records and affidavits showing the thefts in question. *Id.* The court held that because "each separate theft need not be alleged in an indictment charging aggregated theft under section 31.09, and because there was no violation of constitutional notice re-

quirements," the trial court properly overruled Kellar's motion to quash. *Id.*

We hold *Kellar* is instructive and controlling in this case. First, this indictment—like the indictment in *Kellar* and contrary to the indictment in *Moff*—contains the aggregating language found in section 32.03, which is identical to that in section 31.09. Thus, by analogy to *Kellar,* it was not necessary for the State in this case to allege each separate misapplication of fiduciary funds in the indictment because the offense in this case was aggregated misapplication of fiduciary funds—a single offense. *See id.* Moreover, there was no constitutional violation based on a lack of notice because the State filed a business records affidavit to which it attached 434 pages of cellular phone records upon which the State intended to base its prosecution—it was the State's contention that Castorena misapplied fiduciary funds by using union funds to pay for his personal phone calls. This is the same type of evidence the court found sufficient for purposes of notice in *Kellar. See id.* (noting State filed notice that it had filed copies of business records and affidavits showing thefts in question). If Castorena sought more specific information—the particular phone calls the State intended to use—he could have filed a motion to specify. However, no such motion was filed.

Accordingly, because the State was not required to allege in the indictment each separate misapplication of fiduciary funds because of the aggregating language, and because there are no constitutional notice issues given the filing of the affidavit and accompanying cellular records providing Castorena with notice, we sustain the State's first issue.

 In his motion to quash and in his brief on appeal, Castorena contends the indictment also failed to provide sufficient notice because it did not comply with Arti-

cle 21.15 of the Texas Code of Criminal Procedure. That provision states:

> Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence.

TEX.CODE CRIM. PROC. ANN.art. 21.15 (West 2009).

In the indictment, the State alleged Castorena "intentionally, knowingly, or recklessly" misapplied fiduciary property. According to Castorena, by alleging that he acted "recklessly," the State was required to allege in the indictment "the acts it would rely upon that constituted the forbidden conduct with recklessness, as well as allege the acts relied on to show that the conduct was committed in a reckless manner." We disagree based on the court's decision in *Crawford v. State*, 646 S.W.2d 936 (Tex.Crim.App.1983).

■ In *Crawford*, the indictment alleged—just like the one in this case—that the defendant acted "intentionally, knowingly, and recklessly." *Id.* at 937. In the trial court, Crawford moved to quash the indictment, arguing it "failed to allege with reasonable certainty the act or acts relied on to constitute recklessness." *Id.* The trial court overruled the motion, and Crawford was ultimately convicted. *Id.* Crawford appealed, claiming the trial court erred in denying his motion to quash. *Id.* The court of criminal appeals affirmed Crawford's conviction, holding:

> All three of the culpable mental states, intentionally, knowingly, and recklessly, were alleged. Since it is sufficient to allege either of the culpable mental states, the indictment on its face alleges two culpable mental states, intentionally and knowingly, which are not subject to the complaint concerning the culpable mental state, recklessly, made in the appellant's motion to quash. The indictment is sufficient and we need not determine the requirements of the indictment, if recklessly had been the only alleged culpable mental state.

*Id.* Although the court in *Crawford* did not reference Article 21.15, the court's holding is clear: an indictment that alleges a defendant acted recklessly is not insufficient if it fails to allege the act or acts relied upon to constitute recklessness if the indictment also alleges the defendant acted intentionally and/or knowingly. *See id.* Other courts, when confronted with this issue when the appellant has relied on Article 21.15 have interpreted *Crawford* as holding that Article 21.15 governs "only when recklessness is the sole culpable mental state alleged—not where, as here, recklessness is alleged along with intentional or knowing conduct." *Bartlett v. State*, 249 S.W.3d 658, 672 (Tex.App.—Austin 2008, pet. ref'd); *see Benford v. State*, No. 10–10–00294–CR, 2012 WL 1366569, at *4 (Tex.App.—Waco Apr. 18, 2012, no pet.) (mem. op., not designated for publication); *McNair v. State*, Nos. 02–10–00257 & 02–10–00258–CR, 2011 WL 5995302, at *8 (Tex.App.—Fort Worth Nov. 23, 2011, no pet.) (mem. op., not designated for publication); *State v. McCoy*, 64 S.W.3d 90, 94 n. 2 (Tex.App.—Austin 2001, no pet.).

Accordingly, we hold that because the State, in addition to alleging Castorena acted recklessly, alleged Castorena acted intentionally or knowingly, it was not required under Article 21.15 to allege the act or acts relied upon to constitute reckless-

ness. *See Crawford,* 646 S.W.2d at 937; *Bartlett,* 249 S.W.3d at 672.

CONCLUSION

Based on the foregoing, we sustain the State's issue regarding notice, which requires that we reverse and remand this matter for further proceedings. In light of our holding, we need not address the second issue raised by the State, i.e., the preservation issue. We reverse the trial court's order granting Castorena's motion to quash and remand the matter for further proceedings.