

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-16-00821-CR

The **STATE** of Texas,
Appellant

v.

Dai'Vonte E'Shaun Titus **ROSS**,
Appellee

From the County Court at Law No. 15, Bexar County, Texas
Trial Court No. 519657
The Honorable Robert Behrens, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed:  August 2, 2017

AFFIRMED

Dai'Vonte E'Shaun Titus Ross was charged with disorderly conduct for displaying a firearm in a public place in a manner calculated to alarm.  The State of Texas appeals the trial court's order granting Ross's motion to quash.  The State contends the trial court erred in granting the motion because the information provided sufficient notice by tracking the language of the statute.  We affirm the trial court's order.

## BACKGROUND

The information charging Ross with disorderly conduct stated:

> on or about the 8th Day of June, 2016, DAI'VONTE E'SHAUN TITUS ROSS did intentionally and knowingly IN A MANNER CALCULATED TO ALARM, DISPLAY A FIREARM IN A PUBLIC PLACE, to wit: the 300 block of Ferris Avenue

Ross filed a motion to quash the information asserting his constitutional right to be fairly informed of the charge was denied "by the failure of the Information to allege an essential element of the offense, namely the manner and means by which the offense was allegedly committed."

At the hearing on the motion, Ross's attorney argued tracking the language of the statute is only sufficient when the statute is completely descriptive of the offense and asserted tracking the language of the statute was not sufficient in this case because Texas is an open-carry state. The State responded that Ross was requesting the State to plead facts that are evidentiary in nature. Ross's attorney replied, "In an open-carry state at what point is it now in a manner calculated to alarm?" At the conclusion of the hearing, the trial court announced it would give the State an opportunity to amend, but if the State chose not to amend, the motion would be granted. The trial court explained, "it seems to me, by specifying a manner calculated to cause alarm, that a person should at least have some basis to determine their defense and, you know, what it is that I'm particularly having to defend against, what was that manner." After the State chose not to amend the information, the trial court signed an order granting the motion, and the State appeals.

## SUFFICIENT NOTICE AND STANDARD OF REVIEW

"The Texas and United States Constitutions grant a criminal defendant the right to fair notice of the specific charged offense." *State v. Barbernell*, 257 S.W.3d 248, 250 (Tex. Crim. App. 2008); *see also State v. Castorena*, 486 S.W.3d 630, 632 (Tex. App.—San Antonio 2016, no pet.). To provide fair notice, "'[t]he charging instrument must convey sufficient notice to allow

the accused to prepare a defense.'" *Barbernell*, 257 S.W.3d at 250 (quoting *Curry v. State*, 30 S.W.3d 394, 398 (Tex. Crim. App. 2000)); *see also Castorena*, 486 S.W.3d at 632. An information is deemed to provide sufficient notice if it "charges the commission of an offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged." TEX. CODE CRIM. PROC. ANN. art. 21.11 (West 2009); *see id*. at art. 21.23 (providing that rules regarding allegations in an indictment and the certainty required also apply to an information).

In most cases, an information that tracks the statutory text of an offense provides sufficient notice. *Barbernell*, 257 S.W.3d at 251; *Curry*, 30 S.W.3d at 398. Tracking the statutory language will be insufficient, however, if the statute defines the manner or means of commission in several alternative ways. *Curry*, 30 S.W.3d at 398. In such a case, the information must identify which of the alternative statutory manner or means is charged. *Curry*, 30 S.W.3d at 398; *State v. Mays*, 967 S.W.2d 404, 407 (Tex. Crim. App. 1998). Similarly, "[a] statute which uses an undefined term of indeterminate or variable meaning requires more specific pleading in order to notify the defendant of the nature of the charges against him." *Mays*, 967 S.W.2d at 407. Stated differently, more specificity is necessary when a term "is so vague or indefinite as to deny the defendant effective notice of the acts he allegedly committed." *Daniels v. State*, 754 S.W.2d 214, 220 (Tex. Crim. App. 1988); *Thomas v. State*, 621 S.W.2d 158, 163 (Tex. Crim. App. [Panel Op.] 1980). Otherwise, definitions of terms are generally regarded as evidentiary matters, and the State is not required to allege facts in an information that are merely evidentiary in nature. *Smith v. State*, 309 S.W.3d 10, 14 (Tex. Crim. App. 2010); *Barbernell*, 257 S.W.3d at 251; *Curry*, 30 S.W.3d at 398.

Whether an information provides sufficient notice is a question of law. *Smith*, 309 at 13; *Barbernell*, 257 S.W.3d at 251; *Castorena*, 486 S.W.3d at 632. Therefore, we review a trial court's

decision to quash an information for failure to provide sufficient notice de novo.  *Smith*, 309 S.W.3d at 13-14; *Barbernell*, 257 S.W.3d at 251-52; *Castorena*, 486 S.W.3d at 632.

### DISCUSSION

Section 42.01(a)(8) of the Texas Penal Code provides that a person commits the offense of disorderly conduct "if he intentionally or knowingly displays a firearm or other deadly weapon in a public place in a manner calculated to alarm."  TEX. PENAL CODE ANN. § 42.01(a)(8) (West 2016).  The information in this case tracked the statutory language by providing:

> on or about the 8th Day of June, 2016, DAI'VONTE E'SHAUN TITUS ROSS did intentionally and knowingly IN A MANNER CALCULATED TO ALARM, DISPLAY A FIREARM IN A PUBLIC PLACE, to wit: the 300 block of Ferris Avenue

As clarified at the hearing on Ross's motion to quash, Ross asserted the information did not provide sufficient notice because the term "alarm" is vague or indeterminate; therefore, the information needed to contain more specificity to provide Ross with notice of how the manner in which he displayed the firearm was "calculated to alarm."

The State contends the trial court erred in granting the motion to quash because the information tracked the language of the statute.  In addition, the State contends the term "alarm" did not require further specificity based on the holdings of our sister courts in *Roberts v. State*, No. 01-16-00059-CR, 2016 WL 6962308 (Tex. App.—Houston [1st Dist.] Nov. 29, 2016, pet. ref'd) (not designated for publication), and *Ex parte Poe*, 491 S.W.3d 348 (Tex. App.—Beaumont 2016, pet. ref'd).  Ross cites *May v. State*, 765 S.W.2d 438 (Tex. Crim. App. 1989), as support for the trial court's determination that the term "alarm" was vague, thereby requiring greater specificity in the information.

A.    *May v. State*

In *May v. State*, the Texas Court of Criminal Appeals addressed whether the provision of the Texas Penal Code defining the offense of harassment was unconstitutionally vague. 765 S.W.2d at 439. The offense was defined to include telephone communications which "intentionally, knowingly, or recklessly annoy[] or alarm[] the recipient." *Id*. The court held the statute was inherently vague "in attempting to define what annoys and alarms people" and by failing "to specify whose sensitivities are relevant." *Id*. at 440. As support for its holding, the court cited the Fifth Circuit's decision in *Kramer v. Price*, 712 F.2d 174 (5th Cir. 1983).

In *Kramer*, the Fifth Circuit addressed whether Texas's harassment statute was unconstitutionally vague because of its use of the terms "annoy" and "alarm." 712 F.2d at 176. The court noted a statute is unconstitutionally vague "if it fails to draw reasonably clear lines between lawful conduct and unlawful conduct" and fails "to provide citizens with fair notice or warning of statutory prohibitions so that they may act in a lawful manner." *Id*. The court then noted the United States Supreme Court struck down a statute using the word "annoy" in *Coates v. City of Cincinnati*, 402 U.S. 611 (1971). *Id*. at 177. In *Coates*, the ordinance at issue "made it a criminal offense for three or more individuals to assemble on public sidewalks and conduct themselves in a manner that might annoy passersby." *Kramer*, 712 F.2d at 177. In holding the ordinance to be unconstitutionally vague, the United States Supreme Court first recognized the term "annoy" was vague because "[c]onduct that annoys some people does not annoy others." *Id*. (quoting *Coates*, 402 U.S. at 614). In addition, the Court held the ordinance failed to specify whose sensitivities were relevant, i.e., "'the sensitivity of the judge or jury, the sensitivity of the arresting officer, or the sensitivity of a hypothetical reasonable man.'" *Id*. at 177-78. The Fifth Circuit then concluded Texas's harassment statute "suffer[ed] from the same infirmities as the ordinance in *Coates*," reasoning:

- 5 -

> The Texas courts have made no attempt to construe the terms "annoy" and "alarm" in a manner which lessens their inherent vagueness. Of greater importance, the Texas courts have refused to construe the statute to indicate whose sensibilities must be offended. *Coates* recognized that a statute is unconstitutionally vague when the standard of conduct it specifies is dependent on each complainant's sensitivity. Whereas *Coates* specified that a passerby's sensitivity must be offended, the statute in this case makes no attempt at all to specify whose sensitivity must be offended. In the absence of judicial clarification, enforcement officials, as well as the citizens of Texas, are unable to determine what conduct is prohibited by the statute.

*Id*. at 178 (internal citations omitted).

### B.   *Roberts v. State*

In *Roberts v. State*, Walter Lee Roberts was charged by information with disorderly conduct, "[s]pecifically, the information alleged 'that in Harris County, Texas, Walter Lee Roberts, hereafter styled the Defendant, heretofore on or about March 5, 2015, did then and there unlawfully intentionally and knowingly display a deadly weapon, namely, a firearm, in a public place and in a manner calculated to alarm.'" 2016 WL 6962308, at *1. Similar to the argument made in Ross's motion to quash, Roberts argued the information was void because it failed to allege the manner and means of the offense. *Id*. at *4. Specifically, Roberts argued the information should have alleged he "displayed a deadly weapon in a manner calculated to alarm, 'namely by pointing a shotgun at Etoinne Ternoir.'" *Id*.

The Houston court first noted section 42.01(a)(8) does not require that the offense be committed against a specific person; therefore, the information did not have to identify the complainant. *Id*. at *5. Furthermore, the court held "specifically alleging that Appellant pointed a shotgun at the complainant is evidentiary in nature" and was not required to be included in the information. *Id*. We read this holding to mean how the deadly weapon was displayed such that its manner was "calculated to alarm" is evidentiary in nature and not required to be included in an information.

C.      *Ex parte Poe*

In *Ex parte Poe*, Derek Ty Poe was charged by information with disorderly conduct by intentionally and knowingly displaying a deadly weapon, namely a firearm, in a public place and in a manner calculated to alarm. 491 S.W.3d at 350-51. Poe filed an application for pretrial writ of habeas corpus asserting section 42.01(a)(8) is unconstitutionally vague, arguing, among other issues, that the terms "displaying," "manner," "calculated," and "alarm" are undefined. *Id*. at 351. Specifically, Poe argued, "the statute 'provides no guidance or explanation as to what facts or circumstance[s] must exist in order to determine if a defendant's conduct was done with the specific intent showing that he calculated his display of a firearm to be alarming.'" *Id*. Poe further argued "the word 'alarm' is 'inherently subjective[.]' and … 'there is a great degree of variance of human perception of which conduct is alarming[.]'" *Id.*. at 354.

The Beaumont court rejected Poe's argument, noting the term "alarm" has a commonly known and accepted usage and meaning as 'fear or terror resulting from a sudden sense of danger.'" *Id*. (quoting Webster's Third New Int'l Dictionary 48 (2002)). Therefore, the court held Poe had not met his burden to prove the statute is unconstitutionally vague. *Id*. at 355.

D.      Analysis

To the extent our sister courts' opinions in *Roberts* and *Poe* are read to hold the term "alarm" as used in section 42.01(a)(8) is not an undefined term of indeterminate or variable meaning, we disagree. In *Coates*, the United States Supreme Court held the term "annoy" was vague because "[c]onduct that annoys some people does not annoy others." *Coates*, 402 U.S. at 614. Similarly, the term "alarm" is vague because "[c]onduct that [alarms] some people does not [alarm] others." *Id*.

In *May*, the Texas Court of Criminal Appeals recognized the term "alarm" is inherently vague. 765 S.W.2d at 440 (quoting *Kramer*, 712 F.2d at 178). Absent further guidance from the

Texas Court of Criminal Appeals, we hold tracking the language of section 42.01(a)(8) in an information is not sufficient notice because the statute "uses an undefined term of indeterminate or variable meaning," thereby requiring "more specific pleading in order to notify the defendant of the nature of the charges against him." *Mays*, 967 S.W.2d at 407. Stated differently, more specificity is necessary because the term "alarm" "is so vague or indefinite as to deny the defendant effective notice of the acts he allegedly committed." *Daniels*, 754 S.W.2d at 220; *Thomas*, 621 S.W.3d at 163. Because Texas is an open-carry state, an individual is entitled to openly display a firearm in public. Therefore, when a defendant is charged with disorderly conduct under section 42.01(a)(8), he is entitled to notice of how the manner in which he displayed a firearm was calculated to "alarm" because absent such notice the defendant would be unable to prepare a defense. *See Barbernell*, 257 S.W.3d at 250 (noting "charging instrument must convey sufficient notice to allow the accused to prepare a defense"); *cf. Lovett v. State*, Nos. 02-16-00094-CR & 02-16-00095-CR, 2017 WL 2590221, at *4 (Tex. App.—Fort Worth June 15, 2017, pet. filed) (noting "the mere presence of a firearm or deadly weapon in public cannot possibly supply the requisite *mens rea* for a disorderly-conduct conviction, or else anyone participating in Texas's embrace of lawful open carry would be guilty the moment he stepped outside his home visibly armed").

## CONCLUSION

The trial court's order granting Ross's motion to quash is affirmed.

Irene Rios, Justice

PUBLISH