# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00453-CR

---

**The State of Texas, Appellant**

**v.**

**Selina Mireles, Appellee**

---

**FROM THE 274TH DISTRICT COURT OF HAYS COUNTY**
**NO. CR-16-0699, THE HONORABLE DANIEL H. MILLS, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

The State appeals the district court's pretrial order quashing the theft indictment against appellee Selina Mireles. We affirm the district court's order.

### BACKGROUND

Mireles was a faculty member at Texas State University from 1998 to 2014. During that time, Mireles managed the university's Center for Mathematics Readiness. In her position as manager of the Center, Mireles oversaw the allocation of the funds that had been raised for the Center.

The State indicted Mireles for theft by unlawfully appropriating funds owned by the University:

> On or about and between the 1st day of June, 2012 and the 19th day of
> June, 2014, pursuant to one scheme and continuing course of conduct, in Hays

County, Texas, the Defendant, Selina Mireles, did then and there unlawfully appropriate, by acquiring or otherwise exercising control over, property, to-wit: money, United States Currency, of the value of $1,500 or more but less than $20,000 from Texas State University, the owner thereof, without the effective consent of the owner and with intent to deprive the owner of the property…

Mireles filed a motion to quash, complaining on several grounds that the indictment fails to provide the specificity of notice required by the United States and Texas Constitutions. Relevant here, Mireles argued that the indictment should be quashed because it failed to specify which expenditures constituted misappropriation and also failed to specify the owner of the property in a manner that is sufficient to allow Mireles to formulate a defense.

In response to Mireles's motion, the State argued that the indictment provided the required notice because an aggregated-theft indictment need not allege each specific theft the State intends to rely on, and that any additional notice that may have been required was provided by the prosecution through discovery. After a hearing, the district court issued an order quashing the indictment without specifying on what grounds it relied. The State appeals.

## ANALYSIS

On appeal, the State contends that the district court erred in quashing the indictment because (1) an indictment charging aggregated theft does not have to allege specific instances of misappropriation and (2) listing Texas State as the victim of theft was specific enough to give the defense proper notice.

### Applicable Law

The sufficiency of an indictment is a question of law that we review de novo. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). A charging instrument must convey sufficient notice to allow the accused to prepare a defense. *State v. Barbernell*, 257 S.W.3d 248,

2

250 (Tex. Crim. App. 2008). In an indictment, the offense must be set forth in plain and intelligible words. Tex. Code Crim. Proc. art. 21.02. The indictment must include everything that is necessary to be proved. *Id.* art. 21.03. The certainty required in an indictment is such as will enable the accused to plead any resulting judgment in bar of another prosecution for the same offense. *Id.* art. 21.04. An indictment is sufficient if it:

> charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court on conviction, to pronounce the proper judgement.

*Id.* at art. 21.11.

In most cases, an indictment that tracks the language of the relevant statute is sufficient. *State v. Jarreau*, 512 S.W.3d 352, 354 (Tex. Crim. App. 2017). However, this rule only applies when the indictment is brought under a statute where the act constituting an offense is sufficiently defined. *Moff*, 154 S.W.3d at 602. Additionally, the rule does not mean that the trial court cannot require that an indictment that tracks a statute be amended to provide more adequate notice to the defendant. *Id*. The "due process requirement of sufficient notice may be satisfied by means other than the language in the charging instrument." *Kellar v. State*, 108 S.W.3d 311, 313 (Tex. Crim. App. 2003). The defendant is entitled to "notice that is specific enough to allow him to investigate the allegations against him and establish a defense." *Moff*, 154 S.W.3d at 602.

**Specificity of Indictment**

In its first issue, the State contends that the trial court erred in granting Mireles's motion to quash because an aggregated-theft indictment does not require that each specific act of theft be alleged. In support of its contention, the State relies on *Kellar v. State*, in which the Court of Criminal Appeals held that an indictment for aggregated theft must only allege the aggregation and that notice of the specific acts of theft could be provided through means other than the language of the indictment. *Kellar*, 108 S.W.3d at 312. The court concluded that the defendant had actual notice of the specific instances of theft upon which the State based its allegations because he was given access to binders containing documentation of more than one hundred transactions showing instances of theft, and the State filed copies of business records and affidavits showing the thefts in question. *See id.* at 314. Under *Kellar*, the State argues, the trial court erred here because the State's indictment charged Mireles with aggregated theft and because it provided Mireles with documentation of her transactions through discovery. We disagree.

The indictment at issue here charges Mireles with aggregated theft in an amount between $1,500 and $20,000 over a two-year period. The record before us shows the State provided Mireles with copies of emails, letters, CDs with multiple pdf attachments, and a DVD with an auditor's thumb drive in discovery. However, the record does not indicate whether the documents provided to Mireles distinguish the purportedly unauthorized transactions from the authorized ones. While the State repeatedly references the auditor's report as providing sufficient notice of transactions to the defense, this report is not included in the record. As such, this case is more similar to *Moff*, 154 S.W.3d at 602, in which the Court of Criminal Appeals concluded that in certain kinds of cases—i.e., where large numbers of transactions both legal and

4

illegal are called into question—the State must provide more specificity in the indictment to ensure the defendant is given proper notice. *See id*. at 603. In *Moff*, the defendant was a county appraiser indicted for misapplication of fiduciary property. *Id*. at 600. The defendant filed a motion to quash arguing that the indictment was not specific enough to give him proper notice because it did not allege which purchases were made without authorization. *Id*. The State argued that it did not have to specifically enumerate the purchases it contended were illegal, as that was an evidentiary issue that could be addressed during discovery. *Id*. The trial court ordered the prosecution to be more specific in the indictment regarding which transactions it believed were illegal, and the State appealed. *Id*. at 601. The Court of Criminal Appeals held that "because the State failed to provide sufficient notice to inform the accused of the specific acts for which he was charged, the trial court did not err in quashing the indictment." *Id*. at 604. As such, because the record here shows that the State's indictment against Mireles aggregates the alleged thefts but it does not establish whether Mireles had notice of the specific acts for which she was charged, this case is more similar to *Moff*.

The State also relies on *State v. Castorena*, 486 S.W.3d 630 (Tex. App.—San Antonio 2016, no pet.), to support its assertion that aggregation of a theft charge eliminates the need to supply the defendant with an itemized list of transactions at issue. But in *Castorena*, like in *Kellar*, the State provided the defendant with business records outlining the transactions upon which the State intended to rely, and therefore the defendant was put on notice as to which instances of misappropriation he would have to defend. *See id.* at 634. But while the record here, as noted above, shows that various information was provided to Mireles, it does not indicate whether that information distinguished the purportedly unauthorized transactions from the authorized ones.

The State further claims that the Michael Morton Act, Tex. Code Crim. Proc. art. 39.14, eliminates the need for notice in the indictment because, under the Act, defendants have access to all discovery obtained by the prosecution and, thus, have adequate notice regarding the allegations in the indictment. We disagree. The Michael Morton Act simply gives a defendant access to all the information the prosecution may have obtained, without requiring that the State identify what evidence it intends to rely on and, in this case, which of the many purchases made by Mireles it contends were unauthorized. Merely providing access to the State's information does not alone give a defendant sufficient notice of the charges against him. *See Moff*, 154 S.W.3d at 602 ("[T]he accused has the right to notice that is specific enough to allow him to investigate the allegations against him and establish a defense.").

Because the record before us does not establish whether the State has met *Moff*'s and *Kellar*'s notice requirement—i.e., that an aggregated-theft indictment combined with discovery was sufficient to inform Mireles of the specific allegations against her, *see id.*; *Kellar*, 108 S.W.3d at 314—and because the trial court can require the State to amend an indictment that tracks the language of statute when more notice is needed so that the accused can adequately prepare a defense, *see Moff*, 154 S.W.3d at 602, we cannot conclude that the district court erred in quashing the State's indictment. Accordingly, we overrule the State's first issue.

**Owner of the Property**

In its second issue, the State asserts that the trial court erred "in holding that an indictment must name a person as the owner of the stolen property" rather than an entity, here Texas State University. *See, e.g.*, *Garza v. State*, 344 S.W.3d 409, 414 (Tex. Crim. App. 2011) ("In cases in which the actual owner of the stolen property is a single entity rather than a natural

person, the better practice may be to allege the single entity, such as Hewlett Packard, as the actual owner."). But we need not, and may not, address this issue because, even if the State's argument is correct, we must uphold the trial court's ruling to quash the indictment based on our determination above that Mireles did not have sufficient notice of the charges against her. *See State v. Zuniga*, 512 S.W.3d 902, 909 (Tex. Crim. App. 2017) (stating that "the court of appeals was required to uphold the trial court's ruling [quashing the indictment] if it was correct under any theory of law applicable to the case"); *see also Armstrong v. State*, 805 S.W.2d 791, 794 (Tex. Crim. App. 1991) (holding that it would be advisory for court to address State's additional argument where, even if argument were correct, the State would not be entitled to any relief).

## Conclusion

We affirm the district court's order granting Mireles's motion to quash.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Triana and Kelly

Affirmed

Filed: August 1, 2019

Do Not Publish

7